James Roland BACON, Appellant,

v.

The STATE of Texas, Appellee.

No. 46826.

Court of Criminal Appeals of Texas.

Oct. 24, 1973.

John F. Simmons, Dallas, for appellant.

Henry Wade, Dist. Atty., and James B. Scott, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

---

OPINION

JACKSON, Commissioner.

The offense is robbery by assault; the punishment, as assessed by the jury, fifteen (15) years.

The sufficiency of the evidence is not contested.

On June 18, 1971, the manager at Autry's Drive-in Grocery in Dallas was robbed of approximately $423 by two men wearing blond wigs. The holdup was witnessed by a number of individuals including two that positively identified appellant at the trial as one of the bandits involved.

Prior to the trial on the merits, appellant asked for and was granted a *Martinez* type hearing to determine if any of the eye witnesses' identifications were tainted by police procedures in which the witnesses were shown photographs of the appellant. See Martinez v. State, Tex.Cr. App., 437 S.W.2d 842. At the conclusion of this hearing the court filed written findings of fact and conclusions of law determining that the witnesses' identifications were not affected by the showing of any photographs. Subsequently, at the trial on the merits, one witness to the holdup, who had *not* been called by the State to appear at this preliminary hearing, identified appellant as one of the holdup men. An objection by appellant was sustained and the jury was instructed to disregard this witness's identification but a motion for mistrial was denied.

On this appeal, appellant, in his first ground of error, urges that the trial court erred in refusing to grant his motion for mistrial. No authority is cited in appellant's brief for this or any of his other three grounds of error.

From the record, we glean that the identification in question came as a surprise to the State as well as the appellant during the following colloquy:

"Q (Assistant District Attorney): All right. Now, Mike, was that man wearing any kind of wig?

"A Yes, sir.

"Q What color wig was it?

"A It was black and blond.

"Q All right. You say black and blond. Which one had the blond wig? The—

"A That one over there."

The witness's last response "that one over there" was a reference to the appellant.

At this point, the appellant objected and the jury was excused. A discussion between counsel, the court, and the witness was then held and it was there established that the witness had previously told the prosecutors that he had only seen appellant's back and, therefore, could not identify him but that after seeing appellant in court he could identify him by seeing the back of his head. The Assistant District Attorney then told the court that he was unaware that this witness would or could identify appellant.

Appellant now charges that the testimony of this witness, even though excluded by the action of the trial court, was "devastating" to his case. We are unable to agree. Two witnesses had already identified appellant as one of the perpetrators of the crime. Therefore, it seems highly unlikely that the testimony of this witness had any "devastating" effect in the eyes of the jury and any error in its admission was rendered harmless by the Court's instruction to disregard it. Further, even if the admission of this evidence was error, it was not reversible error since the same facts were already properly before the jury as a result of other testimony. Cherb v. State, Tex.Cr.App., 472 S.W.2d 273; Lassere v. State, Tex.Cr.App., 458 S.W.2d 81, cert. denied, 401 U.S. 920, 91 S.Ct. 906, 27 L.Ed.2d 822.

We hold that the trial court did not err in overruling appellant's motion for mistrial.

Under his second ground of error, appellant urges that the trial court erred in overruling his objection to certain statements made by the prosecutor during his final argument to the jury. The complained of remarks are as follows:

"... The defendant got on that witness stand and said something about a lie detector test and something about a lineup. ..."

At this point appellant objected that the above was "improper jury argument." The objection was overruled. The prosecutor subsequently continued as follows:

"Let me just say this, ladies and gentlemen, that is the first time that I heard anything about requesting a polygraph examination, in front of you twelve people."

While evidence of polygraph examinations is not proper evidence in a criminal trial, see Romero v. State, Tex. Cr.App., 493 S.W.2d 206, and, thus, not a proper subject of argument, we can see no error when appellant himself first mentioned the subject while testifying in his own behalf when he said the following in response to a question from the prosecutor concerning what he had told the police:

"Yes, I told them that, and I even asked to be put in a lineup and take a lie detector test for it."

The appellant was the first to bring up the matter and the prosecutor's argument merely referred to what was already in evidence and was not error.

Appellant's second ground of error is overruled.

Similarly, in his fourth ground of error, appellant again complains of the prosecutor's final argument to the jury at the punishment stage of the trial when he said:

"You give him a probated sentence for it and you might as well go nail up a sign in this country, just nail up a sign for everybody . . . (objection) . . . for every other would be robber in this country to see, Mr. Robber, you can go out here and you can commit a robbery until you're blue in the face, and if you are caught and if the police are lucky enough to catch you . . . we are going to give you one free ride."

We construe this argument to be nothing more than a plea for law enforcement and decline to rule it improper. The rule controlling in this type situation was succinctly stated in Hoover v. State, Tex. Cr.App., 449 S.W.2d 60, wherein the Court said:

"Generally to constitute reversible error because of argument of the prosecution there must be a violation of some man-

datory statute or some new fact has been injected into the case or the argument must have been manifestly improper and harmful." See also Davis v. State, Tex. Cr.App., 474 S.W.2d 466. Cf. Smith v. State, Tex.Cr.App., 457 S.W.2d 58.

No reversible error is shown.

Finally, appellant's third ground of error insists that the trial court erred in admitting evidence of three prior misdemeanor convictions at the punishment phase of the trial on the grounds that appellant did not make an intelligent waiver of counsel in each case.

We observe that no objection was made on this ground before the trial court. Nothing is presented for review. Sierra v. State, Tex.Cr.App., 482 S.W.2d 259; Golden v. State, Tex.Cr.App., 475 S.W.2d 273.

Appellant's third ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.