**Robert D. ALLEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55564.**

Court of Criminal Appeals of Texas.

Nov. 30, 1977.

State's Motion for Rehearing Denied Jan. 11, 1978.

Andrew B. Logan, San Antonio, for appellant.

Bill M. White, Dist. Atty., Larry R. Linnartz and Bennie F. Steinhauser, Jr., Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

PHILLIPS, Judge.

Appellant pleaded guilty to the offense of aggravated assault and the court assessed punishment at four years' confinement.

Appellant contends the evidence is insufficient and the trial court erred in failing to set aside the plea of guilty when evidence indicating his innocence was admitted.

Appellant waived his right to be charged by indictment and pleaded guilty to an information which charged that on August 23, 1975, appellant "did then and there knowingly and intentionally cause serious bodily injury to another, namely: IRENE SALAZAR." Appellant contends the evidence fails to show the complaining witness suffered serious bodily injury.

The offense to which appellant pleaded guilty occurred after the prosecutrix and a friend, Karen Miller, were picked up while hitchhiking by appellant and two other males in a van. The driver proceeded toward the place where the girls wanted to be taken and then turned off, saying they were taking a shortcut. The van came to a stop in a brushy area near a slight ditch and a dirt road. Miller managed to escape, but the prosecutrix was raped by one of the three. While the prosecutrix was resisting being placed again in the van, Miller and two police officers arrived and apprehended appellant and one of his companions.

Appellant executed a written waiver and consent to stipulation of testimony in accordance with Art. 1.15, V.A.C.C.P. This stipulation recites appellant is the person named in the information and that all the acts and allegations in the information are true and correct, and further includes the following judicial confession:

"I, Robert D. Allen, on the 23rd of August 1975 in Bexar County, Texas did then and there knowingly and intentionally cause serious bodily injury to wit, bodily injury that created a substantial risk of serious permanent disfigurement, or protracted loss or impairment of the

function of any bodily member or organ, to another, namely Irene Salazar, while acting with John Gaines."

The stipulation also includes by reference exhibits 1, 1–A through 1–O and recites that appellant, his counsel and the attorneys for the State agree that such exhibits and stipulations as well as the stipulation may be considered as a part of the statement of facts and that such stipulated evidence is true and correct. The stipulation is signed by the appellant, his attorney, and the attorney representing the State, and was approved in writing by the trial court. The stipulation and the exhibits attached thereto were acknowledged at the guilty plea proceeding by appellant to be true and correct and were received in evidence. No further evidence or testimony was offered. Thus, the only evidence which tends to prove the element of serious bodily injury is contained in these exhibits.

The prosecutrix' three page statement appears as exhibits 1–J through 1–L. In addition to references to being grabbed by the arm and pushed toward the brush, the statement recites she resisted the removal of her clothes, was pushed down on the ground, a hand was placed on her vagina and she was picked up and carried back to the van, where she placed her hands on the van to prevent reentering the van. The statement nowhere mentions she sustained any injury that would constitute serious bodily injury.

State's exhibit 1–O, a medical report prepared later that night shows the prosecutrix' general appearance was normal. State's exhibit 1–O reflects the following:
"EXAMINATION
Assault Complaint: Was hitch hiking picked up and assaulted.
Clothing: Blouse and jeans not torn
General Appearance and Emotional Status: Normal
General Physical Examination: ~~Normal~~"

There is no indication that the prosecutrix suffered serious bodily injury in the police report, State's exhibits 1–A through 1–I or in Miller's statement, State's exhibit 1–M through 1–N. Further, the offense report of Officer T. Cavazos, who arrived at the scene of the offense with Officer Hamilton and Karen Miller, includes the notation "None" under that portion of the offense report "Injuries Received—Hospital, etc."

The exhibits attached to the stipulation and made a part thereof did not show the prosecutrix suffered "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." See V.T.C.A., Penal Code, Sec. 1.07(a)(34).

In *Sanchez v. State*, 543 S.W.2d 132, involving convictions for aggravated assault upon pleas of guilty to the court, we held the trial court should have withdrawn the pleas of guilty upon its own motion because the evidence reasonably and fairly raised an issue of fact as to the innocence of the defendants. Notwithstanding the written stipulations of the defendants, we reviewed the evidence offered at the trial, including the exhibits and statements from the injured party, his companions, and the investigating police officers, and we said, "[I]t is highly questionable that the evidence is sufficient to show serious bodily injury to constitute a felony offense charged."

Likewise, the evidence here presented was insufficient to show serious bodily injury, as charged in the information, and our holding in *Sanchez v. State*, supra, is controlling. The evidence before the court reasonably and fairly raised an issue of fact as to the innocence of appellant and under these circumstances the trial court should have withdrawn the plea of guilty on its own motion.

The judgment is reversed and the cause remanded.