Ora Lee JONES, Appellant,

v.

The STATE of Texas, State.

No. 2–81–312–CR.

Court of Appeals of Texas,
Fort Worth.

May 19, 1982.

Discretionary Review Refused
Sept. 15, 1982.

J. R. Molina, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Joe C. Lockhart, Asst. Dist. Atty., Fort Worth, for appellee.

Before HUGHES, HOLMAN and RICH-ARD L. BROWN, JJ.

## OPINION

HOLMAN, Justice.

This appeal is from conviction of robbery by threats. V.T.C.A., Penal Code § 29.02.

The jury assessed punishment at 10 years imprisonment.

We affirm.

After the indictment was read to appellant in the jury's presence, she pled guilty and evidence was introduced in the punishment phase of the proceeding. V.A.C.C.P. art. 26.14.

The evidence is that on December 22, 1980, appellant entered the Fort Worth National Bank and handed a folded sack and the following note to a teller:

> Act natural: This is a stickup. Don't call for a Guard. I don't want anyone to get hurt. Put $10,000 in this Bag. I want it in Old (not new) 10's and 20 Dollar Bills. You better Hope. I don't get caught. because I remember your face and name. So now Hurry up. Just Because I'm a woman don't mean I can't shoot.

The teller testified that the note caused her to think appellant had a gun and, fearing appellant would shoot her, the teller placed money in the sack and gave it to appellant.

Observing these events, a nearby customer in the bank believed appellant was holding a gun in the righthand pocket of her coat. He alerted a bank security guard who apprehended appellant inside the bank with the money in the sack.

No witness actually saw a gun nor was one found when appellant was taken into custody.

A police officer who came to the scene to complete the arrest, testified that when he arrived, the righthand pocket of appellant's coat contained a stick "shaped like a gun", and the sack contained $14,250.00.

On nine grounds, appellant complains that the trial court erred in (1) not making a sua sponte withdrawal of her guilty plea when her testimony created a question as to her guilt; (2) admitting evidence of extraneous offenses; and allowing the prosecutor to make improper jury argument as to (3) extraneous offenses and how absent witnesses might testify, (4) matters outside the record, (5) other extraneous offenses and (6) the benefits of imprisonment; and by (7) allowing the jury to communicate improperly with the court during deliberations; and (8), (9) failing to quash the indictment.

During appellant's testimony at the punishment phase, she and the prosecutor had the following exchanges:

Q. Now, Ora Lee Jones, are you telling this jury that because you have had a hard life that you had a right to go in there and rob that bank, rob Earlene Busbee and scare her half to death? Is that what you are telling these people today?

A. I did not mean, you know, to hurt the lady. I had no intention of hurting her.

. . . . .

Q. Are you also telling this jury that you didn't think what you were doing was very serious?

A. I didn't want to scare her, no. All—I just wanted to—I was not going to hurt her. I just wanted to give her the note.

Appellant's first ground of error asserts that the quoted excerpts of testimony obliged the court to withdraw her plea of guilty to the charge of robbery by threats.

We disagree.

■ Appellant made no motion to withdraw her plea of guilty and, before a court is required to withdraw the plea *sua sponte*, the evidence must do more than just tend to show a defensive issue. It must *fairly and reasonably* raise an issue as to innocence. *Reyna v. State*, 434 S.W.2d 362 (Tex.Cr. App.1968).

■ In its entirety, appellant's testimony does not persuade us that it must be con-

strued as changing or conflicting with her plea of guilty.

Her testimony also includes the following exchanges:

Q. This note that the State has brought to this jury, who wrote that note?

A. I wrote it, sir, with no intention, though, to hurt the lady, *just to scare her*. I wouldn't want to hurt nobody.

.  .  .  .  .

Q. *But you did commit this robbery, didn't you?* That's a law violation.

A. *Yes, sir*, but no intention to hurt the lady, honest.

.  .  .  .  .

Q. But you must have understood by the way the note was worded that that would cause some concern, and possibly even cause somebody to overreact to what you were doing there, because for all they knew, you were armed, because you said 'shoot', didn't you?

A. Yes, but I had no gun.

Q. But do you think they knew that?

A. No, I reckon not.

.  .  .  .  .

A. I didn't mean to hurt her. I didn't want to hurt her. *All I wanted to do was scare —*

Q. I don't care whether you wanted to hurt her or not. I'm talking about what she thought.

A. *I just wanted to scare her.* (emphasis added.)

We conclude that appellant's testimony overall was consistent with her plea of guilty. *Green v. State*, 567 S.W.2d 211 (Tex.Cr.App.1978).

Appellant's first ground of error is overruled.

■ The second ground complains that the prosecutor introduced evidence of extraneous offenses by asking a State's witness, a police officer, whether "the incident (sic) of robberies in Fort Worth goes up around Christmas time".

Objection to the officer's affirmative response was overruled by the court, and we find no error in the ruling.

The question did not attribute the increase in robberies at Christmas to the appellant nor did it infer that she was in any way responsible for any robbery other than the one with which she was charged.

Appellant's second ground of error is overruled.

■ The third ground contends that the following excerpt from the prosecutor's jury argument improperly alludes to extraneous offenses and speculates as to the content of testimony of witnesses not called by the State:

So, ladies and gentlemen, I would ask you by your verdict to not only tell Ora Lee Jones that she has committed a violation and she must be punished; I would ask you also by your verdict to send a message to other people who are contemplating this very thing, to back off, it won't be tolerated in Tarrant County, Texas. We are drawing the line right here, as I said, the reason being, if we don't draw it right here, that we are going to move it up another notch. The next person that comes in here is going to say, 'Well, I had a weapon, but it was unloaded. This girl had a stick, but I had a weapon. It wasn't loaded and nobody got hurt. Give me probation.'

The next one that comes in here is going to move that line up another notch and say, 'Yes, I had a weapon and it was loaded, but nobody got hurt.' And we move it up another notch, 'Yes, I had a weapon and a few shots were fired, but they all bounced off harmlessly, and nobody got hurt.'

We conclude that the challenged argument was not extreme or manifestly improper nor did it inject new and harmful facts into the punishment phase.

We hold that the argument was a proper use of hypothesis as an allowable plea for law enforcement; and did not purport to characterize the testimony of actual witnesses

not called. *Todd v. State,* 598 S.W.2d 286 (Tex.Cr.App.1980); *McClory v. State,* 510 S.W.2d 932 (Tex.Cr.App.1974); *Bacon v. State,* 500 S.W.2d 512 (Tex.Cr.App.1973).

Appellant's third ground of error is overruled.

The fourth ground attacks a portion of the prosecutor's argument in which he said:

These defendants never cease to amaze me. They get on the witness stand and they ... They quake and tremble and they act remorseful. I submit to you that they are not really sorry for what they did out there. The only thing they are sorry about is that they got caught.

Appellant complains that the quoted argument introduced extraneous offenses and matters outside the record.

The ground of error, however, fails to comport with the objection raised at trial and thus presents nothing for review. *Crocker v. State,* 573 S.W.2d 190 (Tex.Cr. App.1978).

Appellant's fourth ground of error is overruled.

The fifth ground also contends that extraneous offenses were introduced by the following jury argument of the prosecutor:

Also, ladies and gentlemen, by your verdict, you will tell other people who are out there in the community right now contemplating this very thing. You saw in her statement where she thought about it for two days. She thought about it for two days. There are people out there right now thinking about doing the same thing, maybe not under these circumstances, but they are planning a robbery out there. You are going to tell them—

We conclude the argument was a proper plea for law enforcement and overrule the fifth ground of error. *Bacon v. State, supra.*

Appellant's sixth ground of error attacks comments in the prosecutor's jury argument that it would be in appellant's best interest to go to Texas Department of Corrections because "she needs to learn a valuable trade or skill ..."

Appellant had testified that she had no employment and no employable skills. Her counsel had argued to the jury that the appellant should be given supervision and counseling in some type of community-based program.

We hold that the prosecutor's remarks were a legitimate reply. *Smith v. State,* 516 S.W.2d 415 (Tex.Cr.App.1974).

The sixth ground of error is overruled.

The seventh ground complains of a note which the jury foreman prepared for submission to the trial judge.

Appellant argues that the disposition of the note failed to comply with V.A. C.C.P. art. 36.27, because it was not submitted to appellant and her counsel to enable them to register their objections and exceptions prior to the judge's reply.

The record, however, does not confirm that the judge ever received the note or that he made any response whatsoever to the question it contained.

We conclude that if there was a note, the failure to show that it reached the court and that the jury received any answer, preserves no error for us to review.

The seventh ground of error is overruled.

The eighth ground complains of the trial court's failure to quash the indictment for its failure to allege the *manner and means* by which the appellant allegedly threatened or placed the injured party in fear of imminent bodily injury or death.

The ninth ground complains that the indictment failed to give her proper notice, because it did not define the phrase "in the course of committing theft".

The indictment took the phrase from the statute which makes robbery an offense. V.T.C.A., Penal Code Sec. 29.02.

We hold that the alleged defects for lack of notice were waived by appellant's voluntary and knowing plea of guilty before the jury. *Galitz v. State,* 617 S.W.2d 949 (Tex.Cr.App.1981); *Helms v. State,* 484 S.W.2d 925 (Tex.Cr.App.1972).

The eighth and ninth grounds of error are overruled.

Judgment is affirmed.

RICHARD L. BROWN, J., not participating in the decision.