**Willis Louis GRIFFIN, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–83–112 CR.**

Court of Appeals of Texas, Beaumont.

Feb. 1, 1984.

Petition for Discretionary Review Granted June 20, 1984.

Judgment affirmed Dec. 5, 1984.

---

Bob D. Odom, Odom & Hurley, Temple, for appellant.

Arthur C. Eads, Dist. Atty., Belton, for appellee.

## OPINION

DIES, Chief Justice.

On December 14, 1982, after a plea of guilty to a jury, judgment was entered finding appellant guilty of attempted capital murder and punishment assessed at sixty-five years in the Texas Department of Corrections. Appeal was taken to the Court of Appeals, Third Supreme Judicial District in Austin. The Supreme Court of Texas, by order entered May 4, 1983, transferred the appeal to this Court.

Appellant's first ground of error states: "The trial court erred in failing to, sua sponte, withdraw Appellant's plea of guilty before the jury upon his testimony reasonably raising a fact issue as to his innocence."

A brief summation of the facts is necessary to address this ground of error. On August 19, 1982, Mark Alan Bailey was walking in Killeen when he was approached by two black males. One had a gun and shot Bailey, whose wallet was taken. Appellant was arrested, a pistol recovered from him, and he gave the police a statement. The statement, and testimony of appellant to the jury, fully established appellant meant to rob Bailey, and intentionally pulled the trigger on his pistol. However, during examination by his attorney, appellant several times unequivocally stated the gun went off accidentally, and not on purpose. In order to sustain a conviction for attempted capital murder, appellant must have acted intentionally in attempting to cause the death of Mark Alan Bailey. *TEX.PENAL CODE ANN. § 19.-03(a)(2)* (Vernon 1974).

Thereafter, the jury was retired and the prosecutor advised the trial court that in view of this testimony that he thought the trial court should withdraw appellant's plea of guilty and have the issue of guilt submitted to the jury. A recess was again called, then appellant again was questioned about his intentions. He was asked, "It may have been an accident that you didn't plan it, but you did do it?" To which appellant replied, "Yes." The jury was again retired, and the careful trial judge instructed appointed counsel to review the situation with his client. Counsel did, and the trial court, outside the presence of the jury, admonished appellant that he could not be found guilty of the offense if the jury believed or had a reasonable doubt as to whether the gun discharged accidentally. Appellant said he understood, and the court in its charge instructed the jury to find appellant guilty.

The Texas rule is quite solid that where a guilty plea is entered in a felony case before a jury, and evidence is intro-

duced which reasonably and fairly raises an issue as to the innocence of the accused, such plea must be withdrawn or a plea of not guilty *must* be sua sponte entered for the accused by the court, and, in no event should the case proceed to final judgment upon a plea of guilty. *Beasley v. State,* 634 S.W.2d 320 (Tex.Crim.App.1982); *Montalvo v. State,* 572 S.W.2d 714 (Tex.Crim. App.1978); *Lincoln v. State,* 560 S.W.2d 657 (Tex.Crim.App.1978); *Allen v. State,* 559 S.W.2d 656 (Tex.Crim.App.1977); *Varela v. State,* 553 S.W.2d 111 (Tex.Crim.App. 1977); *Woodberry v. State,* 547 S.W.2d 629 (Tex.Crim.App.1977); *Gates v. State,* 543 S.W.2d 360 (Tex.Crim.App.1976); *Cooper v. State,* 537 S.W.2d 940 (Tex.Crim.App.1976); *Hayes v. State,* 484 S.W.2d 922 (Tex.Crim. App.1972); *Reyna v. State,* 434 S.W.2d 362 (Tex.Crim.App.1968); and *Jones v. State,* 634 S.W.2d 61 (Tex.App.—Fort Worth 1982, disc. rev. ref'd). This is true even though counsel for the accused may fail to request such action or make an objection. *Woodberry v. State, supra; Reyna v. State, supra; Montalvo v. State, supra.* In the case at bar, both the State and defense requested such action.

In *Varela v. State, supra,* at 112, our Court of Criminal Appeals states when a trial court is required to sua sponte withdraw a plea of guilty from a jury's consideration:

"This court has for years held that when evidence introduced before a jury (when a defendant has entered a guilty or nolo contendere plea) makes evident the innocence of the accused or which reasonably and fairly raises an issue as to such fact and such evidence is not withdrawn, the trial court is required, sua sponte, to withdraw the accused's guilty or nolo contendere plea and enter a not guilty plea for the accused....

\*  \*  \*  \*  \*  \*

"For the rule to come into play the evidence must go farther than just tending to show a defensive issue, it must reasonably and fairly present such issue before the trial court is required to with-

draw the guilty or nolo contendere plea...."

■ The State argues that appellant withdrew his former or prior testimony before the jury so that his testimony was no longer "equivocal". We certainly have no criticism of the able trial judge who not only directed appellant's counsel to review the situation with his client, but also instructed appellant himself of the effect of an "accidental" shooting. Nor do we criticize the prosecutor who asked the judge to enter a plea of not guilty. However, after the recess when appellant was asked, "It may have been an accident that you didn't plan it, but you did do it?" and his answer of "Yes", throws considerable doubt on our belief that appellant really reversed his attitude. In such a situation requiring a judgment call by an appellate court, where there is real or reasonable doubt of the accused's intention, the doubt should be given the accused, and a jury should pass on his guilt or innocence.

We believe *Woodberry v. State, supra,* confirms this appellate attitude. There, the appellant pled guilty to a jury of aggravated robbery, and was assessed punishment at five years. Appellant and his girl friend went into a gas station. Appellant pulled out a pistol and demanded money. Later he was arrested and the officers found the pistol. He was properly admonished by the trial court.[1]

After the State had rested its case, appellant testified that his girl friend suggested that he help her rob a filling station, and that she gave him the pistol. He admitted displaying the pistol to the complaining witness, but stated it was only a " 'reflex action' ", and that he didn't even know it was loaded. He said he " 'made no effort of trying to rob the man.' "

The Court wrote (547 S.W.2d at 631):

"This Court reversed the conviction in *Gates* [*Gates v. State, supra* (543 S.W.2d 360) ] holding that, from a review *of the totality of circumstances,* the appellant was not voluntarily pleading guilty to the

---

1. *TEX.CODE CRIM.PROC.ANN. art. 26.13* (Vernon Supp.1982–1983).

offense charged in the indictment. The appellant stated that he 'made no effort of trying to rob the man' and further equivocated about his intent and his actions during the alleged robbery." (emphasis added)

The Court noted that even though the testimony of the defendant showed he was guilty of the offense, nevertheless its (the Court's) decision was the rule in Texas.

The State further argues that under *Davis v. State*, 597 S.W.2d 358 (Tex.Crim. App.), cert. denied, 449 U.S. 976, 101 S.Ct. 388, 66 L.Ed.2d 238 (1980), it does not matter whether the shooting was accidental or not. In *Davis v. State, supra*, the Court quoted *TEX.PENAL CODE ANN. § 6.03(a) and § 6.04* (Vernon 1974).[2]

The answer to this argument is that appellant was on trial for attempted capital murder. *TEX.PENAL CODE ANN. § 19.03(a)(2)* requires "the person intentionally commits the murder in the course of committing or attempting to commit ... robbery...." Therefore, the trial court was correct in his admonition to the appellant, that accidental shooting would be a defense. For these reasons, we sustain this ground of error and remand the cause for a new trial.

Reversed and Remanded.

---

**2.** *Section 6.03(a)* provides:

"A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result."

*Section 6.04* provides:

"(a) A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, ...

"(b) A person is nevertheless criminally responsible for causing a result if the only difference between what actually occurred and what he desired, contemplated, or risked is that:

"(1) a different offense was committed...."