**Willis Louis GRIFFIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 311–84.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 15, 1986.

Bob D. Odom, Temple (Court-appointed), for appellant.

Arthur C. Eads, Dist. Atty., James T. Russell, Asst. Dist. Atty., Belton, Robert Huttash, State's Atty., and Alfred Walker, First Asst. State's Atty., Austin, for the State.

## OPINION ON MOTION FOR REHEARING ON STATE'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appellant was convicted of attempted capital murder on his plea of guilty to a jury and punishment was assessed by them at 65 years in the Texas Department of Corrections. Appellant gave notice of appeal to the Austin Court of Appeals. By an order entered on May 4, 1983, the Supreme Court of Texas transferred the case to the Beaumont Court of Appeals. The Beaumont Court of Appeals reversed appellant's conviction holding that the trial court erred by not, sua sponte, withdrawing appellant's plea of guilty before the jury when it became apparent that there was a fact issue as to his innocence. *Griffin v. State*, 692 S.W.2d 726 (Tex.App.—Beaumont 1984).

This Court, in an opinion on the State's petition for discretionary review, affirmed the holding and reasoning of the Court of Appeals. *Griffin v. State* (No. 311–84, 12/5/84). The State's attorney has filed a motion for rehearing which is now before us. In its motion, the State's attorney alleges that the testimony of appellant, which the Court of Appeals and this Court on original submission held raised an issue as to his guilt, was later withdrawn. The State's attorney alleges the testimony did not raise the issue of lack of intent in the first place. If the trial judge erred, the State's attorney urges appellant is estopped from complaining because he consented to and asked the trial judge to handle the case in the manner he now complains of on appeal.

We agree with the State's attorney and withdraw our previous opinion and now reverse the Court of Appeals and affirm the judgment of the trial court.

Briefly, the facts are as follows. On August 19, 1982, a young soldier, Mark Alan Bailey, was walking in Killeen. He was approached by two men, one of whom produced a gun and shot Bailey, whose wallet was taken. The appellant, also a soldier, was later arrested for this crime and a weapon was recovered from him. Appellant gave a statement on the matter to the police. The statement and subsequent testimony by the appellant at trial, fully established that the appellant intended to rob Bailey.

When the appellant gave testimony during the trial, he stated that the gun discharged accidentally and that he had no intention of shooting Bailey.

In order to sustain a conviction for attempted capital murder, it must be established that the accused acted intentionally in attempting to cause the death of the victim. See V.T.C.A., Penal Code Sec. 19.-03(a)(2); Sec. 15.01(a).

At the point that it became apparent that the appellant's guilty plea was perhaps untenable, the jury was retired. After a conference at the bench between the judge and both counsel, the jury heard more testimony. The jury was retired yet again, and the trial judge instructed counsel for the appellant to carefully explain the situation to his client. This was done and the trial judge, outside the presence of the jury, informed the appellant that he could not be found guilty of this offense if he persisted in offering evidence that could create a reasonable doubt as to whether the gun was intentionally fired. The appellant stated that he understood this. The jury was resummoned and under examination by his attorney, appellant stated that he had committed every element of the offense. He also said that the word "accident" was not in reference to this specific act. The jury was instructed to find the appellant guilty.

At issue is the question of when and under what conditions and circumstances a defendant's testimony fairly and reasonably raises a question as to his guilt which requires the trial court to withdraw the defendant's guilty plea sua sponte. See *Lincoln v. State*, 560 S.W.2d 657 (Tex.Cr. App.1978); *Burks v. State*, 165 S.W.2d 460 (Tex.Cr.App.1942); *Cooper v. State*, 537 S.W.2d 940 (Tex.Cr.App.1976). It has long been the rule in our State that no one will be allowed to plead guilty in a felony case when evidence is introduced which casts doubt on the actual guilt of the accused. This rule was stated succinctly in *Lincoln v. State*, supra. In that case the Court stated, quoting *Burks v. State*, supra:

"'[W]here a plea of guilty is entered in a felony case, before a jury, and evidence is introduced which makes evident the innocence of the accused, or which reasonably and fairly raises an issue as to such fact, *such evidence should be with-drawn* or a plea of not guilty entered.' (Emphasis added in *Lincoln v. State*, supra.)" p. 658.

It should be stated at the outset that this rule is firmly and solidly established in our State. In any case where evidence is introduced which reasonably and fairly raises an issue as to the innocence of the accused *and is not withdrawn*, the defendant's guilty plea must be withdrawn and a plea of not guilty *must* be sua sponte entered by the court.

This rule is a vital safeguard which operates to protect the accused from any outside pressure which could result in an innocent party being convicted, upon his own plea of guilty, of a crime he did not commit. Since a person cannot at any time involuntarily plead guilty to a crime for which he is accused, the totality of the circumstances of each case is assessed to assure the voluntary nature of the plea. *Gates v. State*, 543 S.W.2d 360 (Tex.Cr. App.1976). However, the rule is clear in our case law that when the exculpatory evidence is produced by the defendant himself, that it may be withdrawn by him and a plea of guilty may still be taken upon his own volition. See e.g. *Lincoln v. State*, supra; *Montalvo v. State*, 572 S.W.2d 714, 715 (Tex.Cr.App.1978); *Varela v. State*, 553 S.W.2d 111 (Tex.Cr.App.1977).

The State alleges as its first ground of review that the testimony in question was effectively withdrawn. Thus, the question here becomes what action is sufficient to effectively *withdraw* evidence which has been introduced in such a matter.

The appellant for his part maintains that the testimony given by him was contradictory and conflicting testimony and that at no time was his testimony *withdrawn*. The appellant cites as support for this position the cases of *Woodberry v. State*, 547 S.W.2d 629 (Tex.Cr.App.1977); *Allen v. State*, 559 S.W.2d 656 (Tex.Cr.App.1978); *Montalvo v. State*, supra; *Varela v. State*, supra; *Beasley v. State*, 634 S.W.2d 320 (Tex.Cr.App.1982); *Gates v. State*, supra.

The appellant further urges this Court to accept the contention that an effective withdrawal of evidence can only come about by some formal action and an accompanying jury instruction to disregard the withdrawn evidence.

The State, on the other hand, insists that the testimony was effectively withdrawn, and not merely contradicted by conflicting statements from the defendant. The State maintains that the testimony as to lack of intent was "rejected, abandoned, explained as being incorrect, replaced, supplanted, superseded, disowned, repudiated, i.e., withdrawn." The State makes the point that there is a great distinction between a "mere conflict and a clear repudiation."

■ We find we must agree. The cases cited by appellant do not specifically address the situation in this case. *Woodberry v. State*, supra, and *Montalvo v. State*, supra, are cases where no withdrawal of the exculpatory testimony of the defendant was attempted. *Beasley v. State*, supra, contains a very tangential treatment of this issue, wherein the defendant's testimony raised an issue as to his guilt or innocence and such testimony was not withdrawn or even contradicted. *Allen v. State*, supra, is a case on which the physical evidence, *not* testimonial evidence, given by the defendant was insufficient to convict the accused of the offense he was charged with. In *Varela v. State*, supra, the defendant's statements as to his intoxication were merely held to be insufficient to raise the issue of insanity (i.e., guilt or innocence).

Other cases on this issue also fail to resolve the question. In *Gates v. State*, supra, in many ways the seminal case on this issue, the defendant was charged with aggravated robbery, and his testimony showed clearly that he was guilty only of attempted robbery. While *Gates* is nearly on point with the instant case, there was no repudiation or withdrawal of his statements. He allowed them to stand uncontradicted and the trial court improperly allowed his plea of guilty to stand. *Reyna v. State*, 434 S.W.2d 362 (Tex.Cr.App.1968), merely upholds the sound legal principle

that the evidence must do more than merely tend to show a defensive issue but reasonably and fairly raise the issue. *Hayes v. State*, 484 S.W.2d 922 (Tex.Cr.App.1972), emphasizes the necessity that the evidence must reasonably and fairly raise a question as to innocence and emphatically state that the evidence may be withdrawn. In *Cooper v. State*, 537 S.W.2d 940 (Tex.Cr.App. 1976), the defendant established an alibi which was corroborated by another witness. The testimony of neither witness was refuted or withdrawn. Finally, *Lincoln v. State*, supra, a classic treatment of this problem, deals with a situation where the evidence did not reasonably raise the issue of innocence and was not withdrawn or even repudiated.

While we have reversed the Court of Appeals on the basis of the State's first ground of review, this case clearly illustrates the need for clearly defined guidelines in situations such as this. Therefore, we will briefly discuss the criteria by which the trial judge may make a decision on when and under what circumstances a guilty plea must be withdrawn on the court's own motion.

■ Three things must be remembered. First the evidence must do more than merely tend to raise a defensive issue. It must "reasonably and fairly raise the issue." See *Reyna v. State*, supra; *Jones v. State*, 634 S.W.2d 61, 62 (Tex.Cr.App.1962). This standard is necessarily inexact and each case must be evaluated in light of its unique circumstances and the offense charged.

■ Secondly, the purpose of this admittedly sound rule of law so firmly established by our judiciary is to insure that the defendant's plea is in all ways made voluntarily and knowingly. To this end a "totality of the circumstances test" is employed. See *Woodberry v. State*, supra, at 630; *Gates v. State*, supra, at 362.

■ Thirdly, it is firmly established that the evidence offered *may be withdrawn*. See *Burks v. State*, 165 S.W.2d 460, 463 (Tex.Cr.App.1942); *Lincoln v. State*, 560

S.W.2d 657, 658 (Tex.Cr.App.1978); *Hayes v. State*, 484 S.W.2d 922, 924 (Tex.Cr.App. 1972). In *Varela v. State*, supra, this Court stated that:

> "This court for years held that when evidence introduced before a jury (when a defendant has entered a guilty or nolo contendere plea) makes evident the innocence of the accused or which reasonably and fairly raises an issue as to such fact and such *evidence is not withdrawn*, the trial court is required, sua sponte, to withdraw the accused's guilty or nolo contendere plea and enter a not guilty plea for the accused...." (Emphasis added.)

While a better practice is to establish a formal withdrawal on record and to instruct the jury to disregard the earlier exculpatory testimony, the appellant can nevertheless effectively and voluntarily withdraw his prior testimony without such formal action. To hold that the appellant must withdraw the testimony through a ritualized incantation of some "magic word" formula would be to allow form to triumph over substance.

It must not be forgotten that the purpose behind the rule in question is to ascertain that guilty pleas are voluntarily and knowingly given. To that end the sound discretion of the trial judge who is in a position to evaluate the situation at hand must be judged in light of the totality of the circumstances. See *Gates*, supra, and *Woodberry*, supra.

■ The threshold question is whether the defendant's prior testimony as to an accidental discharge of the weapon does more than tend to raise a defensive issue, but rather "reasonably and fairly raises the issue." We think in this case that it does. Since attempted capital murder is a crime requiring the specific intent to effect the death of someone, the defendant's prior testimony acted to negate an essential element of the offense. See V.T.C.A., Penal Code, Secs. 19.03, 15.01(a). However, we still must find (1) that his subsequent testimony was an effective withdrawal of his prior testimony and, (2) in viewing the totality of the circumstances, that the plea was voluntarily entered.

The appellant's final testimony heard before the jury was as follows:

"THE COURT: Mr. Harris.

"MR. HARRIS: May I proceed?

Willis—

"THE DEFENDANT: Yes.

"THE COURT: Ladies and Gentlemen of the Jury, the Defendant's attorney has asked permission to reopen for purpose of interrogating Mr. Griffin further, the Court has allowed that re-opening.

"MR. HARRIS: Thank you, Your Honor.

"Willis, under cross-examination and direct examination, you used the word 'accident' on several occasions. You and I have discussed this matter, have we not?

"A. Yes.

"Q. All right. I want to ask you about certain elements, okay? At the time that you met Mark Alan Bailey, did you have the intent to rob him?

"A. Yes.

"Q. All right. At the time you produced the weapon, the .25 automatic Tilton—or Titan—did you—was that an intentional act?

"A. Yes, it was.

"Q. Prior to pulling the weapon out on Mark Alan Bailey, had you loaded that weapon?

"A. Yes.

"Q. Was it—Did you intentionally load it?

"A. Yes.

"Q. In other words, you inserted the clip and put a round in the chamber?

"A. Yes.

"Q. When you pulled the weapon out of your shirt in your right hand, was that intentional? Did you intentionally produce the weapon?

"A. Yes.

"Q. When you put your hand around the pistol grip and finger on the trigger, was that an intentional act?

"A. Yes, it was.

"Q. You're stating then that your actions were intentional. Do you understand that word?

"A. Yes.

"Q. The word 'accident' was not in reference to this specific act then; is that correct?

"A. No, it wasn't.

"Q. You are stating now, under oath, under re-examination, that you intentionally performed the acts as alleged in the indictment?

"A. Yes.

"Q. As also recited in State's Exhibit Two?

"A. Yes.

"MR. HARRIS: Pass the witness, Your Honor.

"MR. CURTIS: I have no questions.

"THE COURT: You may step down."

The appellant specifically stated that his prior use of the word "accidental" was not to be construed in reference to the actions he took which constituted all the elements of the offense of which he was charged. He then effectively withdrew his prior testimony. The withdrawal was in every way as effective, if not more so, than a jury instruction to disregard his previous statements. It was a clear statement explaining that the appellant had misspoken earlier and that he was now firmly establishing his intention to shoot Mr. Bailey. Any misconceptions his prior testimony may have created in the minds of the jury were corrected and even explained. Viewing the totality of the circumstances, it becomes clear that this guilty plea was voluntary and that no issue of guilt or innocence reached such a dimension that a sua sponte withdrawal by the court of the appellant's guilty plea before the jury was necessary to serve the ends of justice. See *Jones v. State*, 634 S.W.2d 61, 62, 63 (Tex.Cr.App.1982).

Because of our disposition of this case, we need not discuss other contentions made by the State in their motion for rehearing.

The judgment of the Court of Appeals is reversed and the judgment of the trial court is affirmed.

ONION, P.J., and TOM G. DAVIS and MILLER, JJ., concur in the result.

CLINTON, Judge, dissenting.

In recent times and with rote precision the Court has recited a "rule" found by the majority in such decisions as *Lincoln v. State*, 560 S.W.2d 657, 658 (Tex.Cr.App. 1978). Satisfied with having found it stated in earlier opinions, the Court seems never to have explained it. See, e.g. *Varela v. State*, 553 S.W.2d 111 (Tex.Cr.App.1977) and *Montalvo v. State*, 572 S.W.2d 714 (Tex.Cr.App.1978)—both cited in the majority opinion along with *Lincoln* for the following proposition:

"However, the rule is clear in our case law that when the exculpatory evidence is produced by the defendant himself, that it may be withdrawn by him and a plea of guilty may still be taken upon his own volition."

Maj. opinion, p. 195. That rule may not even exist.

Another rule apparently originated in cases where facts adduced tended to show accused to be insane or that he acted in selfdefense, such as *Harris v. State*, 76 Tex.Cr.R. 126, 192 S.W. 975, 977 (1915), and *Taylor v. State*, 88 Tex.Cr.R. 470, 227 S.W. 679, 686 (1921); see also *Villa v. State*, 122 Tex.Cr.R. 142, 53 S.W.2d 1023, 1024 (1932). They are among the host of decisions collected by the Court in *Varela*, supra, at 112, down through *Navarro v. State*, 141 Tex.Cr.R. 196, 147 S.W.2d 1081 (1941); all were later cited by the Court in *Burks v. State*, 145 Tex.Cr.App. 15, 165 S.W.2d 460 (1942), to support its statement of law, *viz:*

"It is also well settled by the decisions of this court that, where a plea of guilty is entered in the trial of a felony, before a jury, and facts are introduced in evidence which make evident the innocence of the accused, the plea of guilty should be withdrawn and a plea of not guilty entered."

The Court then noticed that in *Harris* and *Villa*, where evidence suggested self-defense, the trial court should have seen to it that no conviction was had by withdrawing the guilty plea before the jury. *Id.*, S.W.2d at 463. It restated the rule, *viz:*

"In light of adjudicated cases, the rule now appears to be that, where a plea of guilty is entered in a felony case, before a jury, and evidence is introduced which makes evident the innocence of the accused, or which reasonably and fairly raises an issue as to such fact, *such evidence should be withdrawn or* a plea of not guilty entered. At any and all events, the case should not proceed to final judgment under the plea of guilty."

*Ibid.*[1] The Court thought its restated rule "material in construing applicable provisions of Art. 12, C.C.P. [now Article 1.15, V.A.C.C.P.], relative to a plea of guilty where at trial by jury is waived." *Ibid.* It concluded under the facts presented, "the trial judge was without authority to find appellant guilty of the offense here charged," *id.*, S.W.2d at 464.

Thus, in a cause involving a plea of guilty before the court after waiver of trial by jury, the clause "such evidence should be withdrawn" crept into a rule governing a plea of guilty before a jury. There was no explanation whatsoever of the meaning of the clause, nor was it applied in any fashion to indicate how and by whom evidence was to be "withdrawn". If there has been one opinion of the Court doing either in all the years since *Burks* neither the motion for rehearing nor the majority opinion call our attention to it.

Furthermore, if there has been a single opinion of the Court holding that the clause means that an accused may "withdraw" evidence in this context, the majority has not cited it. Certainly, neither *Lincoln* nor *Montalvo* nor *Varela* does.

I would deny the motion for rehearing; because the Court does not, I respectfully dissent.

---

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

CAMPBELL, J., joins.

TEAGUE, Judge, dissenting.

Because neither the State's petition for discretionary review nor the State's motion for rehearing should have been granted by this Court, the proposed majority opinion correctly states that the prior majority opinion of this Court should be withdrawn. However, except for its statement that the prior majority opinion of this Court should be withdrawn, it, too, should be withdrawn because the Beaumont Court of Appeals, in a well reasoned unanimous opinion by its Chief Justice, Hon. Martin Dies, Jr., stated and held all that was necessary in sustaining the appellant's first ground of error, viz: "The trial court erred in failing to, sua sponte, withdraw Appellant's plea of guilty before the jury upon his testimony reasonably raising a fact issue as to his innocence." *Griffin v. State*, 692 S.W.2d 726 (Tex.App.—Beaumont 1984). To the refusal of the majority of this Court to adopt and approve all of what the court of appeals stated and held in disposing of the appellant's first ground of error, I respectfully dissent.

I adopt and approve all of the opinion by the court of appeals.