COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-340-CR
 
 
ALFONZO 
ESPINOSA VILLEGAS                                              APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Alfonzo 
Espinosa Villegas appeals his convictions for intoxication manslaughter and 
driving while intoxicated relating to a head-on collision in which the other 
driver was killed. Appellant pled guilty and a jury assessed his punishment. We 
will affirm.
        The 
parties are familiar with the facts of this case and the applicable law is 
well-settled.
        In 
one point, appellant contends that the evidence heard by the jury fairly raised 
the issue of his innocence, and therefore the trial court erred by not sua 
sponte withdrawing his guilty plea. This court has long followed the rule that 
when the evidence reasonably and fairly raises an issue as to a defendant’s 
innocence and the evidence is not withdrawn, the trial court is required to sua 
sponte withdraw a defendant’s guilty plea and enter a plea of not guilty. Aldrich 
v. State, 104 S.W.3d 890, 892-93 (Tex. Crim. App. 2003); Montgomery v. 
State, 99 S.W.3d 257, 259 (Tex. App.—Fort Worth 2003, pet. struck). But 
the evidence must do more than merely raise a defensive issue, it must 
“reasonably and fairly” raise the issue. Griffin v. State, 703 S.W.2d 
193, 196 (Tex. Crim. App. 1986) (op. on reh’g). This standard is necessarily 
inexact, and each case must be evaluated in light of its unique circumstances 
and the charged offense. Id. The purpose of this rule is to ensure that 
the defendant's plea is in all ways made voluntarily and knowingly. We review a 
trial court’s determination of whether appellant’s innocence was reasonably 
and fairly raised for an abuse of discretion. Id. at 196-97; Montgomery, 
99 S.W.3d at 260.
        Appellant 
claims that the evidence reasonably and fairly raised the issue of his innocence 
because he testified that he was not intoxicated at the time of the accident. He 
points us to the following testimony:
 
Q. 
[By defense counsel] Now, there is no argument also, you were – you have 
admitted to being intoxicated from drinking beer – you admitted to being 
intoxicated that evening?
 
                A. 
   [By appellant] No.
 
Q. 
You have admitted that you were at an alcohol content –
 
                A. 
   Yes.
 
Q. 
Okay. And you had been drinking before the occurrence, the wreck that happened 
in this case?
 
                A. 
   Yes.
 
Q. 
   And you admit that was wrong?
 
                A. 
   Yes.
 
 
        Prior 
to trial, appellant had signed a written stipulation that his blood alcohol 
content was 0.102 when tested approximately two hours after the accident. He did 
not contest this stipulation at trial. On cross-examination from the State, 
appellant further testified:
 
Q. 
[By prosecutor] How many beers did you have to drink that night?
 
                A. 
   [By appellant] I think about 12.
 
Q. 
   And over what period of time did you have that?
 
                A. 
   From 4:00 in the afternoon.[2]
 
                . 
. . .
 
Q. 
How much beer did you have in your truck that night?
 
                A. 
   About three.
 
Q. 
   You had three beers in your truck?
 
                A. 
   Four, yes.

 
        The 
record further reflects that beer boxes and cans were found in the bed of 
appellant’s truck and scattered around his truck after the accident.  One 
can be “intoxicated” for the offenses of DWI and intoxication manslaughter 
solely by having a blood alcohol content of 0.08 or more. Tex. Penal Code Ann. § 49.01(2) (Vernon 
2003).[3]   Appellant’s written 
stipulation proves that he had a blood alcohol content of 0.102 after the 
accident.  Even if appellant intended to deny that he was intoxicated, or 
subjectively believed that he was not intoxicated, overwhelming evidence 
indicates that he was indeed intoxicated at the time of the accident.  In 
addition to his stipulated blood alcohol content, appellant admitted to drinking 
approximately twelve beers in the thirteen hours prior to the accident, and 
admitted to drinking three or four beers while he was driving his truck.  
We cannot say that the trial court abused its discretion in deciding that 
appellant’s testimony did not reasonably and fairly raise the issue of his 
innocence.  Therefore, the trial court was not required to withdraw his 
guilty plea sua sponte.  We overrule appellant’s sole point.
        The 
trial court’s judgment is affirmed.
 
 
                                                                  SAM 
J. DAY
                                                                  JUSTICE
 
 
PANEL 
A:   WALKER, J.; SAM J. DAY, J. (Retired, Sitting by 
Assignment); and WILLIAM BRIGHAM (Senior Justice, Retired, Sitting by 
Assignment).
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
August 5, 2004

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
The accident occurred at approximately 5:00 a.m. on August 30, 2002.
3.  
In the indictment, the State alleged that appellant was intoxicated “by not 
having the normal use of his mental or physical faculties by reason of the 
introduction of alcohol into his body or by having an alcohol 
concentration of at least 0.08.” [Emphasis added.]