Villegas v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-340-CR

ALFONZO ESPINOSA VILLEGAS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Alfonzo Espinosa Villegas appeals his convictions for intoxication manslaughter and driving while intoxicated relating to a head-on collision in which the other driver was killed.  Appellant pled guilty and a jury assessed his punishment.  We will affirm.

The parties are familiar with the facts of this case and the applicable law is well-settled.

In one point, appellant contends that the evidence heard by the jury fairly raised the issue of his innocence, and therefore the trial court erred by not sua sponte withdrawing his guilty plea.  This court has long followed the rule that when the evidence reasonably and fairly raises an issue as to a defendant’s innocence and the evidence is not withdrawn, the trial court is required to sua sponte withdraw a defendant’s guilty plea and enter a plea of not guilty.  
Aldrich v. State
, 104 S.W.3d 890, 892-93 (Tex. Crim. App. 2003); 
Montgomery v. State
, 99 S.W.3d 257, 259 (Tex. App.—Fort Worth 2003, pet. struck).  But the evidence must do more than merely raise a defensive issue, it must “reasonably and fairly” raise the issue.  
Griffin v. State
, 703 S.W.2d 193, 196 (Tex. Crim. App. 1986) (op. on reh’g).  This standard is necessarily inexact, and each case must be evaluated in light of its unique circumstances and the charged offense.  
Id
.  The purpose of this rule is to ensure that the defendant's plea is in all ways made voluntarily and knowingly.  We review a trial court’s determination of whether appellant’s innocence was reasonably and fairly raised for an abuse of discretion.  
Id
. at 196-97; 
Montgomery
, 99 S.W.3d at 260. 

Appellant claims that the evidence reasonably and fairly raised the issue of his innocence because he testified that he was not intoxicated at the time of the accident.  He points us to the following testimony:

Q.   [By defense counsel]  Now, there is no argument also, you were – you have admitted to being intoxicated from drinking beer – you admitted to being intoxicated that evening?

A.   [By appellant]  No.

Q. You have admitted that you were at an alcohol content –

A.   Yes.

Q. Okay.  And you had been drinking before the occurrence, the wreck that happened in this case?

A.   Yes.

Q.   And you admit that was wrong?

A.   Yes.  

Prior to trial, appellant had signed a written stipulation that his blood alcohol content was 0.102 when tested approximately two hours after the accident.  He did not contest this stipulation at trial.  On cross-examination from the State, appellant further testified:

Q.   [By prosecutor]  How many beers did you have to drink that night?

A.   [By appellant]  I think about 12. 

Q.   And over what period of time did you have that?

A.   From 4:00 in the afternoon.
(footnote: 2)  

. . . . 

Q.   How much beer did you have in your truck that night?

A.   About three.

Q.   You had three beers in your truck?

A.   Four, yes.  

The record further reflects that beer boxes and cans were found in the bed of appellant’s truck and scattered around his truck after the accident.  One can be “intoxicated” for the offenses of DWI and intoxication manslaughter solely by having a blood alcohol content of 0.08 or more.  
Tex. Penal Code Ann.
 § 49.01(2) (Vernon 2003).
(footnote: 3)  Appellant’s written stipulation proves that he had a blood alcohol content of 0.102 after the accident.  Even if appellant intended to deny that he was intoxicated, or subjectively believed that he was not intoxicated, overwhelming evidence indicates that he was indeed intoxicated at the time of the accident.  In addition to his stipulated blood alcohol content, appellant admitted to drinking approximately twelve beers in the thirteen hours prior to the accident, and admitted to drinking three or four beers while he was driving his truck.  We cannot say that the trial court abused its discretion in deciding that appellant’s testimony did not reasonably and fairly raise the issue of his innocence.  Therefore, the trial court was not required to withdraw his guilty plea sua sponte.  We overrule appellant’s sole point.

The trial court’s judgment is affirmed.

SAM J. DAY

JUSTICE

PANEL A: WALKER, J.; SAM J. DAY, J. (Retired, Sitting by Assignment); and WILLIAM BRIGHAM (Senior Justice, Retired, Sitting by Assignment).

DO NOT PUBLISH 

Tex. R. App. P.
 47.2(b)

DELIVERED: August 5, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The accident occurred at approximately 5:00 a.m. on August 30, 2002.

3:
In the indictment, the State alleged that appellant was intoxicated “by not having the normal use of his mental or physical faculties by reason of the introduction of alcohol into his body 
or
 by having an alcohol concentration of at least 0.08.”  [Emphasis added.]