COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-135-CR

 

 

EVERETT V. SALINAS A/K/A                                                 APPELLANT

EVARISTO SALINAS

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM THE 415TH
DISTRICT COURT OF PARKER COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------








Upon his open plea of guilty, a jury convicted
Appellant Everett V. Salinas a/k/a Evaristo Salinas of indecency with a child
and assessed his punishment at thirteen years=
confinement in the Institutional Division of the Texas Department of Criminal
Justice.  The trial court sentenced him
accordingly.  In one point, Appellant
argues that the trial court committed reversible error by failing to withdraw
sua sponte his guilty plea after he testified that he did not commit the
offense as alleged in the indictment. 
Because the trial court was not obligated to withdraw Appellant=s plea
sua sponte, we affirm the trial court=s
judgment.

During the punishment phase, the complainant in
this case, M.H., testified that while Appellant and his wife were visiting the
home of neighborhood friends, Appellant entered the room that M.H. was in and
brushed up against her breast with the back of his hand while she sat on the
bed watching her younger brother play video games.  Later, M.H. testified, she left her brother=s room
and walked toward her room.  When she
entered the hallway, Appellant was there, and he grabbed her wrist, pulled her
toward him, and kissed her cheek. 
According to M.H., Appellant then turned her around, put his arms around
her waist from behind, and moved his hands onto her Aprivate
area@ over
her clothes while kissing her neck; he then moved both of his hands up to M.H.=s
breasts and rubbed them.  M.H. stated
that she then escaped Appellant=s grasp
and went back to her brother's room, where her brother continued to play.  Appellant and his wife left the residence
soon after that; then M.H. went to her room alone.  M.H. was thirteen at the time.








Appellant testified that on the day of the
offense, M.H. came over to him and sat on his lap on the bed, and he pushed her
away and told her to get off of his lap. 
Later, when the two passed in the hall, he kissed her on the cheek and
contacted her breast with his hand, but for a second or less and only to push
her away.  Appellant denied M.H.=s
version of events and specifically denied (1) that he touched M.H.=s
breasts with any intent to gratify himself sexually and (2) that he derived any
sexual pleasure from his interaction with M.H.

In his sole point, Appellant argues that the
trial court was obligated to withdraw sua sponte his guilty plea after he
testified that he did not commit the offense as alleged in the indictment.  As the parties correctly point out, prior law
did require the trial court to withdraw a defendant=s guilty
plea before a jury when evidence was introduced making evident the innocence of
the defendant or reasonably and fairly raising an issue as to the innocence of
the defendant.[1]  But in 2004, the Texas Court of Criminal
Appeals changed many years of well established law with Mendez v. State,
relieving the trial court of the duty to sua sponte withdraw a plea of guilty
when evidence of innocence is introduced during a jury trial on punishment.[2]








The Mendez court held that a trial court
has a duty only to consider a defendant=s
request to withdraw his plea and that it is reasonable to require a defendant
to timely seek to withdraw his plea of guilty.[3]  When a defendant does not do so, Ahe may
not complain for the first time on appeal that the trial court did not do it
for him.@[4]  The focus of the Mendez court was not
the sufficiency of the evidence of guilt, as Appellant seems to allege in an
attempt to distinguish the case, but whether the complaint alleged that Athe
trial court disregarded an absolute or systemic requirement, or that [Mendez]
was denied a waivable‑only right that he did not waive,@ and
thus could be brought for the first time on appeal, or whether the complaint
was about another type of law and thus forfeited because Mendez failed to
preserve it.[5]

In the case now before this court, Appellant did
not ask to withdraw his plea, even though he testified that he did not commit
the offense as described in the indictment. 
We hold, therefore, that Appellant has forfeited his complaint by
failing to raise the issue before the trial court.[6]  We overrule Appellant=s sole
point and affirm the trial court=s
judgment.

 

 

LEE
ANN DAUPHINOT

JUSTICE

 

PANEL:  CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

 

PUBLISH

 

DELIVERED:  February 12, 2009











[1]Griffin v. State, 703 S.W.2d 193, 195
(Tex. Crim. App. 1986).





[2]Mendez v. State, 138 S.W.3d 334, 350
(Tex. Crim. App. 2004).





[3]Id.





[4]Id.; see Tex. R. App.
P. 33.1.





[5]Mendez, 138 S.W.3d at 342.





[6]See id. at 342, 350; see also
Tex. R. App. P. 33.1.