Affirmed and Memorandum Opinion
filed March 16, 2010

In
The

Fourteenth
Court of Appeals



NO. 14-08-01088-CR



D'Andre Demond
Davis, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 149th District Court

Brazoria County, Texas

Trial Court
Cause No. 56,119



 

MEMORANDUM OPINION 

D’Andre Demond Davis pleaded guilty to the offense of
aggravated robbery.  After the trial court conducted a presentence
investigation, the court sentenced Davis to ten years and three months’
confinement in the Institutional Division of the Texas Department of Criminal
Justice.  Davis’s sole issue on appeal is that the trial court erred by failing
to find him not guilty or guilty of a lesser-included offense based on the
evidence presented in the record.  We affirm.

I

            D’Andre
Demond Davis pleaded guilty to the offense of aggravated robbery.  Although
Davis did not physically participate in the bank robbery, he admitted to
assisting in its preparation.  Davis provided the vehicle, disguises, and BB guns
for the other parties involved in the crime to use during the commission of the
robbery.  Davis also admitted he was willing to receive any amount of payment the
other parties wanted to give him after they committed the crime. 

Davis
requested that the court reset the date for sentencing until after the court
reviewed Davis’s presentence investigation (“PSI”) report.  The trial judge accepted
Davis’s plea, but agreed he would consider the PSI before sentencing Davis.  Davis’s
PSI report contained a description of the charged offense, his statements about
the offense, the crime the other parties were charged with as well as their
sentences, his prior criminal history, his family history, details about his
education and employment, a statement about his mental and physical health,
character reference letters, victim impact letters, and an evaluation by a
community supervision officer.  At the sentencing hearing, the trial judge
explained he reviewed the PSI report, but he sentenced Davis to ten years and three
months’ confinement and stated the sentence was “as light as I [could] go on
this one because it is aggravated robbery of a bank.”  This appeal followed.    

II








            In
his sole issue, Davis contends that the trial court erred by failing to find
him not guilty or guilty of a lesser-included offense.  Specifically, Davis
argues that the evidence in the record “does not support a finding a firearm
was used to commit the offense”; therefore, the trial court had a duty to
either find him not guilty or guilty of a lesser-included offense.  The State argues
that the trial judge properly found Davis guilty of aggravated robbery because
the evidence was sufficient to support the plea, and the trial judge was not
required to sua sponte find Davis not guilty or guilty of a
lesser-included offense.  Additionally, the State asserts that Davis did not
properly preserve his issue for appeal.  We will address the State’s
preservation contention first.

            Generally,
a party must make a timely and specific objection, motion, or complaint to
preserve error for appellate review.  Tex. R. App. P. 33.1(a); Aldrich v.
State, 104 S.W.3d 890, 895 (Tex. Crim. App. 2003) (stating the general rule
does not apply to two types of errors that may be raised for the first time on
appeal: (1) violations of “rights which are waivable only;” and (2) denials of
“absolute systematic requirements”).  During a plea hearing in Aldrich v.
State, the appellant “remained silent about the pendency of a decision on
guilt”; she never claimed she was innocent; and she did not seek an acquittal, withdrawal
of her plea, or conviction of a lesser-included offense.  104 S.W.3d at 894,
896.  The Court of Criminal Appeals concluded that the appellant had not
preserved error for review regarding her guilty plea because the record did not
reflect that she voiced her complaint in the trial court and obtained a ruling
on the complaint.  Aldrich, 104 S.W.3d at 896.  

            As
in Aldrich, Davis never objected to the trial judge’s sentence.  Before
sentencing occurred, the trial judge asked if “anyone had good cause why [he]
should not sentence at this time.”  Davis’s attorney responded, “No, [y]our
honor.  The only thing I wanted to add is that . . . [Davis’s] charge was
actually aggravated robbery and the other two guys that came before you . . .
the grand jury indicted them under robbery, even though they were the ones with
the gun.”  The trial judge emphasized that he understood the charges, but to
him all the defendants, including Davis, were parties to the same offense.  The
trial judge then sentenced Davis based on his guilty plea for aggravated
robbery.  Davis did not seek an acquittal, withdrawal of his guilty plea, or
request a conviction of a lesser-included offense.  Additionally, Davis did not
argue that the evidence did not support his guilty plea.  Because the record
does not reflect Davis made a timely and specific objection in the trial court
and obtained a ruling thereon, he has not preserved this issue for appeal.[1]  Accordingly
we overrule his sole issue.

*
* *

For
the foregoing reasons, we affirm the trial court’s judgment.

                                                                                    

                                                                        /s/        Jeffrey
V. Brown

                                                                                    Justice

 

 

 

Panel consists of Justices Yates, Frost,
and Brown.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
Davis argues that the Court of Criminal Appeals’s decision in Moon v. State
imposes a duty on a judge to either withdraw the defendant’s guilty plea or
find the defendant guilty of a lesser-included offense if the evidence does not
support the defendant’s guilty plea.  572 S.W.2d 681, 682 (Tex. Crim. App.
1978).  Davis contends that the trial court must abide by this safeguard to
“assure the voluntary nature of the plea.”  See Griffin v. State, 703
S.W.2d 193, 195 (Tex. Crim. App. 1986).  The Court of Criminal Appeals in Aldrich,
however, reviewed its prior Moon decision.  104 S.W.3d at 893–95.  The court
emphasized “Moon did not create a requirement of a review proceeding in
the course of a plea of guilty.  It merely recognized the obvious duty of a
court to consider the evidence that is before it.”  Id.  at 894.  Here,
the trial court did review and consider the evidence before it, including the
PSI report, but we will not review the merits of the decision because as in Aldrich,
Davis did not preserve his error for review.  See id. at 896.