**Manuel MONTALVO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55568.**

Court of Criminal Appeals of Texas, Panel No. 1.

Nov. 1, 1978.

Stephen A. Hines, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., Miguel J. Cervantes, El Paso, for the State.

Before ODOM, VOLLERS and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for aggravated robbery. Appellant entered a plea of guilty before a jury, which assessed his punishment at eighteen years in the Texas Department of Corrections.[1]

In his first ground of error, appellant contends that the trial court erred in failing to withdraw on its own motion appellant's plea of guilty, when a factual issue of appellant's guilt was raised during his testimony.

Appellant was convicted of aggravated robbery under V.T.C.A. Penal Code, Section 29.02, which provides:

---

1. This appeal was originally abated for failure of appointed defense counsel to file a brief. A brief has been filed, so the appeal is reinstated.

"(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property, he:

. . .

\* \* \* \* \* \*

(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death . . ."

and V.T.C.A. Penal Code, Sec. 29.03, which provides,

"(a) A person commits an offense if he commits robbery as defined in Section 29.02 of this code and he: . .

\* \* \* \* \* \*

(2) uses or exhibits a deadly weapon."

At trial, the complaining witness testified that appellant, along with a companion, entered a convenience store and pointed a pistol at him, at which time he gave appellant money. Evidence showed that appellant was arrested outside the store and that a pistol was found in his possession at that time. Appellant testified in his own behalf, and upon cross-examination the following testimony was adduced:

"Q: . . . Were you, in fact, the individual who robbed [the complaining witnesses] on the 27th of December, 1975?

"A: Yes, sir, I pleaded guilty to that.

"Q: And you were holding that gun that is sitting—that's in front of you over there to your right, is that it?

"A: Yes sir, it was in my pocket, sir.

"Q: And is that the gun that you pointed at [the complaining witness]?

"A: I don't remember pointing it at him, because I don't like to do that but I had it on me, but I think I was just pointing my finger at him.

"Q: You were just pointing your finger at him?

"A: Yes, sir.

"Q: Where was the gun?

"A: It was in my pocket.

"Q: You mean you never had that gun out during this entire time?

"A: Not that I remember. See, I don't like guns.

\* \* \* \* \* \*

"Q: Did you also point your finger at Robert Jenkins' head when you ordered him into the cooler?

"A: Yes sir.

"Q: You didn't have a gun in your hand at that time?

"A: No.

\* \* \* \* \* \*

"Q: And you had this pistol?

"A: Yes sir.

"Q: In your pocket?

"A: Yes sir.

"Q: And you are telling the jury, then, that you never had that pistol out, and you never used it in any way?

"A: Yes sir."

In *Varela v. State*, 553 S.W.2d 111 (Tex.Cr.App.1977), we stated,

"This court has for years held that when evidence introduced before a jury (when a defendant has entered a guilty or nolo contendere plea) makes evident the innocence of the accused or which reasonably and fairly raises an issue as to such fact and such evidence is not withdrawn, the trial court is required, sua sponte, to withdraw the accused's guilty or nolo contendere plea and enter a not guilty plea for the accused. [citations omitted] . . .

"For the rule to come into play the evidence must go farther (sic) than just tending to show a defensive issue, it must reasonably and fairly present such issue before the trial court is required to withdraw the guilty or nolo contendere plea. *Reyna v. State*, [434 S.W.2d 362 (Tex.Cr.App.1968)]; *Galvan v. State*, 525 S.W.2d 24 (Tex.Cr.App.1975); *Davis v. State*, 507 S.W.2d 740 (Tex.Cr.App.1974); *Jones v. State*, 491 S.W.2d 883 (Tex.Cr.App.1973)."

This is true even though no effort was made by defense counsel at any time during

the trial to withdraw the plea and no objection was made to the court's charge to the jury instructing them that a finding of guilty be rendered, *Woodberry v. State*, 547 S.W.2d 629 (Tex.Cr.App.1977); *Gates v. State*, 543 S.W.2d 360 (Tex.Cr.App.1976), and even though the testimony of appellant himself may have shown him to be guilty of the offense. *Woodberry v. State*, supra; *Gates v. State*, supra.

In the instant case, appellant admitted that he entered the store, armed, and that he robbed the complaining witness of money. However, in his testimony on cross-examination, he denied exhibiting or using a gun, and stated that the gun was in his pocket during the commission of the offense. This testimony, in spite of appellant's entry of a plea of guilty, was sufficient to raise a factual issue as to appellant's guilt of the offense of *aggravated* robbery. See V.T.C.A. Penal Code, Sec. 29.03. Therefore, after such testimony raised an issue as to his guilt of *aggravated* robbery, the trial court erred in not, sua sponte, withdrawing appellant's plea of guilty. *Woodberry v. State*, supra; *Gates v. State*, supra; see also *Varela v. State*, supra, and cases cited therein.

Accordingly, the judgment is reversed and the cause remanded.