In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00030-CR


______________________________




CHARLENE LEE DAVENPORT,


A/K/A FRANCIS CHARLENE GOLSTON, Appellant


V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 188th Judicial District Court


Gregg County, Texas


Trial Court No. 27800-A




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Charlene Davenport, a/k/a Francis Charlene Golston, appeals her conviction for theft by
check in an amount over $1,500. The trial court sentenced her to two years' confinement in a state
jail facility. The record reflects that Davenport pleaded guilty before the court without a plea
bargaining agreement. Davenport was represented by appointed counsel.

 Davenport contends on appeal that the trial court erred by accepting her plea of guilty in the
face of uncontroverted evidence of necessity. She testified at the plea hearing that her common-law
husband was threatening to kill her if she did not obtain money for him, but our review of her
testimony also shows that she used bad checks to pay bills. 

 Tex. Pen. Code Ann. § 9.02 (Vernon 1994) states "[i]t is a defense to prosecution that the
conduct in question is justified under this chapter." Tex. Pen. Code Ann. § 9.22 (Vernon 1994)
defines the defense of justification by necessity as follows:

 Conduct is justified if:


 (1) the actor reasonably believes the conduct is immediately necessary to
avoid imminent harm;


 (2) the desirability and urgency of avoiding the harm clearly outweigh,
according to ordinary standards of reasonableness, the harm sought to be prevented
by the law proscribing the conduct; and


 (3) a legislative purpose to exclude the justification claimed for the conduct
does not otherwise plainly appear.


 Davenport could have withdrawn her plea as a matter of right until the case was taken under
advisement or the judgment announced. Jackson v. State, 590 S.W.2d 514, 515 (Tex. Crim. App.
[Panel Op.] 1979). She argues on appeal that the trial court violated its duty to direct the withdrawal
of her plea in the face of uncontroverted evidence that she had a viable defense to the charges. 

 The rule is well established in this state that in any case where evidence is introduced that
reasonably and fairly raises an issue as to the innocence of the accused and such evidence is not
withdrawn, the defendant's guilty plea before a jury must be withdrawn and a plea of not guilty must
be sua sponte entered by the trial court. Griffin v. State, 703 S.W.2d 193, 195 (Tex. Crim. App.
1986). The rule applies even though the defendant makes no effort during the trial to withdraw her
plea of guilty, makes no objection to the court's charge instructing the jury to render a verdict of
guilty, and even though the defendant's testimony shows she is guilty of the offense. Montalvo v.
State, 572 S.W.2d 714, 715-16 (Tex. Crim. App. [Panel Op.] 1978); Steele v. State, 22 S.W.3d 550,
553 (Tex. App.-Fort Worth 2000, pet. ref'd). We have reviewed Davenport's testimony, and we are
not convinced that she sufficiently raised the issue as to the defense of necessity to require the trial
court to take sua sponte action withdrawing her plea.

 Even if we believed that her testimony about one portion of the criminal charges against her
reasonably and fairly raised the issue, the rule as set out above applies only in cases in which the
guilty plea is before a jury. The rule which controls this case is set out in Moon v. State, 572 S.W.2d
681 (Tex. Crim. App. 1978). That case holds that a trial court is not required to withdraw a
defendant's plea of guilty sua sponte and enter a plea of not guilty when a defendant enters a plea of
guilty before the trial court after waiving a jury, even if evidence is presented that either makes the
defendant's innocence evident or reasonably and fairly raises an issue as to his or her guilt. See id.
at 682. 

 The Moon opinion states that it is the trial court's duty to consider the evidence submitted
and, as the trier of fact, the court may find the defendant guilty of the crime charged or a lesser
offense, or it may acquit the defendant. Thus, the court concluded, no valid purpose would be served
by requiring a trial court to withdraw a guilty plea. See id.; Aldrich v. State, 53 S.W.3d 460, 467
(Tex. App.-Dallas 2001, no pet. h.); Coronado v. State, 25 S.W.3d 806 (Tex. App.-Waco 2000,
pet. ref'd); Solis v. State, 945 S.W.2d 300, 303 (Tex. App.-Houston [1st Dist.] 1997, pet. ref'd); 
Hinkle v. State, 934 S.W.2d 146, 148-49 (Tex. App.-San Antonio 1996, pet. ref'd); Graves v. State,
803 S.W.2d 342, 346 (Tex. App.-Houston [14th Dist.] 1990, pet. ref'd).

 Accordingly, even if she had adequately raised the defense, because in this case she pleaded
guilty to the court rather than before a jury, the trial court had no duty to withdraw a guilty plea. 
Error has not been shown. 


 The judgment is affirmed.




 Ben Z. Grant

 Justice


Date Submitted: January 11, 2002

Date Decided: January 30, 2002


Do Not Publish