Becker v. State






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


)
LASALLE LAFATTE WASHINGTON,           )                  No. 08-05-00035-CR
)
                                    Appellant,                        )                              Appeal from
)
v.                                                                          )                  Criminal District Court No. 1
)
THE STATE OF TEXAS,                                   )                  of Dallas County, Texas
)
                                    Appellee.                          )                  (TC# F-0450837-H)
 

O P I N I O N

            LaSalle Lafatte Washington appeals from a conviction of aggravated assault with a deadly
weapon. Appellant entered an open plea of guilty and the court assessed punishment at
imprisonment for a term of ten years. We affirm.
FACTUAL SUMMARY
            On October 29, 2004, Appellant entered an open plea of guilty to an indictment alleging that
he committed aggravated assault with a deadly weapon by cutting and stabbing Natasha Calvin with
a knife. The record reflects that the trial court admonished Appellant in accordance with Article
26.13 of the Code of Criminal Procedure. At the guilty plea, the State admitted into evidence
Appellant’s judicial confession and stipulation of evidence. Additionally, the State offered the
testimony of Calvin about the assault. 
            Calvin and Appellant had lived together for about nine years and had two children. On the
day of the assault, however, the couple was separated. Calvin had taken the day off from work so
that she could accompany her daughter on a field trip. Appellant, who did not know Calvin’s plans,
attempted to call her at work but was unable to reach her. Calvin had turned off her cell phone. 
Appellant called the children’s school but they would not give him any information over the phone
due to security concerns. Consequently, Appellant went to the school and waited until Calvin
returned from the field trip. They spoke a few minutes and he asked to see the children. Calvin
agreed to take the children to see Appellant at his mother’s house. 
            When they arrived about an hour later, Calvin spoke with Appellant and told him that he had
created concerns at the school by first calling on the phone and then physically going to the school
to wait for her to return. Appellant asked her into the house and they went into his bedroom to
continue the conversation. Calvin, who was unhappy because Appellant was trying to “track [her]
down all the time,” told him that she wanted to leave Texas with the children and not let him know
their whereabouts. Appellant became angry and began choking her and attempting to “snap” her
neck. He pulled out a paring knife and began slicing her arm and wrist with it. When the children
came into the room and saw the blood spurting from her wrist, Calvin told them to call 911. 
Appellant momentarily stopped the assault and attempted to cut his own wrists. Calvin seized the
opportunity to escape and ran outside for help. 
            Calvin ran across the street to a house with an open garage door, but Appellant caught up
with her and continued his assault by choking her. Calvin pretended to be unconscious by going
limp. Appellant cried and said that he knew she would never forgive him. She got up and they
walked back across the street toward his house. Appellant instructed their son to get a towel for her
wrist and he asked Calvin to go inside the house with him while assuring her that the assault was
over. Against her instincts, Calvin accompanied him inside. Appellant then pulled out a steak knife
and attempted to cut Calvin’s throat. She grabbed the knife with her hand each time he raised it to
her throat and was finally able to break free of him. Calvin ran to the next door neighbor’s house
but Appellant caught her again and stabbed her repeatedly. Appellant stopped his assault only when
the ambulance arrived and he fled in a car before the police arrived. Appellant had stabbed Calvin
twenty-six times and she also suffered several superficial cuts. 
            Appellant recalled some of the events leading up to the assault but he did not recall the actual
incident. Shortly after the assault, he sought psychiatric help. Appellant recalled that he did not
intend to hurt Calvin but her threat to take the children away caused him to have an “emotional
breakdown.” He expressed remorse and asked the trial court to place him on community supervision
rather than send him to prison. The trial court found Appellant’s guilty plea was knowingly, freely,
and voluntarily made and assessed his punishment at imprisonment for a term of ten years. 
COURT’S DUTY TO
WITHDRAW GUILTY PLEA

            In his first issue, Appellant contends that the trial court should not have accepted his guilty
plea but should have sua sponte entered a plea of not guilty because evidence admitted at the guilty
plea hearing raised an issue as to his innocence. Appellant argues that the evidence showing that he
attempted to take his own life raises issues of his mental state and culpability. In further support of
his argument, Appellant cites Griffin v. State, 703 S.W.2d 193, 195 (Tex.Crim.App. 1986), Montalvo
v. State, 572 S.W.2d 714, 715-16 (Tex.Crim.App. [Panel Op.] 1978), and Steele v. State, 22 S.W.3d
550, 553 (Tex.App.--Fort Worth 2000, pet. ref’d). These cases hold that when evidence is
introduced which reasonably and fairly raises an issue as to the innocence of the accused, and is not
withdrawn, the defendant’s guilty plea must be withdrawn and a plea of not guilty must be sua
sponte entered by the court. This rule applies only where the defendant enters a guilty plea before
a jury. A different rule applies where, as here, the defendant waives his right to a jury trial and enters
a guilty plea before the court. 
            In Moon v. State, 572 S.W.2d 681, 682 (Tex.Crim.App. 1978)(op. on reh’g), the Court of
Criminal Appeals held that when the defendant waives his right to a jury trial and enters a guilty
plea, the trial judge is not required to withdraw the defendant’s guilty plea if evidence inconsistent
with guilt is introduced. Because the trial court is authorized to resolve factual questions in felony
cases, the trial court may find that the evidence did not create a reasonable doubt as to guilt, find the
defendant guilty of a lesser offense and assess the appropriate punishment, or find the defendant not
guilty. See Aldrich v. State, 104 S.W.3d 890, 893 (Tex.Crim.App. 2003); Moon, 572 S.W.2d at 682.
It would serve no purpose to withdraw the guilty plea and enter a not guilty plea. Id. Moon
continues to be valid law. See Aldrich, 104 S.W.3d at 892-94. Applying this rule to the instant case,
we conclude that the trial court was not required to withdraw Appellant’s guilty plea. Issue One is
overruled.
VOLUNTARINESS OF THE PLEA
            In Issue Two, Appellant complains that his guilty plea was involuntary and did not comply
with the requirements of Article 26.13 of the Code of Criminal Procedure. The State counters that
Appellant has waived this argument. We agree. Rule 38.1(h) of the Rules of Appellate Procedure
provides that a brief must contain a clear and concise argument for the contentions made, with
appropriate citations to authorities and to the record. See Tex.R.App.P. 38.1(h). Although Appellant
has briefed Issues One and Two together, the issues are distinct. Appellant’s brief does not cite to
or discuss any authorities pertinent to Issue Two. Consequently, we find that the issue is waived. 
See Salazar v. State, 38 S.W.3d 141, 147 (Tex.Crim.App. 2001); Todd v. State, 911 S.W.2d 807, 819
(Tex.App.--El Paso 1995, no pet.). Having overruled both issues, we affirm the judgment of the trial
court.

February 9, 2006                                                         
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)