

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-19-00113-CR

---

BARON VAUGHAN UTZMAN, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 48388-A

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

# MEMORANDUM OPINION

Baron Vaughan Utzman appeals his conviction for possession of less than one gram of a controlled substance, methamphetamine, enhanced by two prior felony convictions. On appeal, Utzman contends that the trial court erred by accepting his plea of true to one of the prior felony convictions. Because we find that Utzman did not preserve his complaint, we affirm the trial court's order.

## I.      Background

Utzman was indicted for possession of a controlled substance, methamphetamine, in an amount of less than one gram, a state jail felony.[1] The indictment also alleged two prior felony convictions, one for aggravated assault and one for felony escape, which enhanced the punishment to a second-degree felony.[2] Utzman entered an open plea of guilty and pled true to both prior felony convictions.

After the trial court admonished Utzman, it found that he was competent and that his pleas were voluntary. The State then offered into evidence, *inter alia*, the written plea admonishments and stipulation of evidence executed by Utzman, his attorney, and the State and approved by the trial court. This evidence included a signed judicial confession by Utzman that (1) he committed the charged offense, (2) he had previously been convicted of aggravated assault on July 2, 1999, and (3) he committed the felony offense of escape for which he was convicted on April 19, 2004, in cause number 30,000-A in the 188th Judicial District Court of Gregg County, Texas.

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b).

[2] *See* TEX. PENAL CODE ANN. § 12.425(b).

Utzman testified that, in the felony escape matter, he had a plea agreement and was supposed to receive a ten-year sentence. Even so, when he received the paperwork, it was a twenty-year sentence instead. He also testified that he challenged the voluntariness of his plea after his conviction on the escape charge but that his attorney at the time refused to file the paperwork. Utzman said he served ten years in prison on the escape conviction.

After more testimony from Utzman not relevant to this appeal and closing arguments by counsel, the trial court sentenced Utzman to eight years' imprisonment.

## II.    Utzman Did Not Preserve His Complaint for Appellate Review

In his sole issue, Utzman contends that the trial court erred in accepting his plea of true to the prior conviction for felony escape. Utzman argues that his testimony showed that he did not understand how he received a twenty-year sentence for his escape conviction and that he did not understand how to challenge that sentence. As a result, he reasons, his plea of true to that conviction was not entered knowingly and voluntarily, and the trial court should have sua sponte withdrawn Utzman's plea of true to the felony escape conviction.[3]

In support of his argument that the trial court should have sua sponte withdrawn his plea of true, Utzman cites *Moon v. State*, 572 S.W.2d 681 (Tex. Crim. App. 1978), and *Montalvo v. State*, 572 S.W.2d 714 (Tex. Crim. App. [Panel Op.] 1978). In *Montalvo*, the court noted the prior rule that, when a defendant enters a guilty plea before a jury and evidence is introduced that "makes evident the innocence of the accused or which reasonably and fairly raises an issue as to such fact and such evidence is not withdrawn, the trial court is required, sua sponte, to withdraw the accused's guilty . . . plea and enter a not guilty plea for the accused." *Montalvo*, 572 S.W.2d at

---

[3]Utzman does not challenge his guilty plea or his plea of true to the prior aggravated assault conviction.

715 (quoting *Varela v. State*, 553 S.W.2d 111, 112 (Tex. Crim. App. 1977)).  In *Moon*, the court

held that this rule does not apply when the defendant enters a guilty plea to the trial court, since

> [i]t is the duty of the trial court to consider the evidence submitted and as the trier
> of the facts the court may find the appellant guilty of a lesser offense and assess the
> appropriate punishment or it may find the defendant not guilty.  It would serve no
> purpose to withdraw the plea of guilty and enter a not guilty plea.

*Moon*, 572 S.W.2d at 682.

Later, the Texas Court of Criminal Appeals reviewed its decisions on this issue and held

that a plea of guilty waives important constitutional rights, i.e., the right to plead not guilty, and

that such rights are waivable-only rights under *Marin*.[4]  *Mendez v. State*, 138 S.W.3d 334, 350

(Tex. Crim. App. 2004).  The court thus held that, whether the trial be with or without a jury, once

a defendant has waived his right to plead not guilty and the trial court has fulfilled its duty to ensure

the waiver is valid, the burden is on the defendant to "unwaive" his right to plead not guilty.  *See*

*id.*  In other words, when a defendant pleads guilty, whether to the trial court or in front of a jury,

he must timely seek to withdraw his plea of guilty in the trial court, and he may not complain about

it for the first time on appeal.  *Id.*

Even if Utzman had the right to plead not true to a prior conviction, we believe that, under

*Mendez*, such right would at most be a waivable-only right.  Since Utzman waived this right by

pleading true to the prior felony escape conviction,[5] it was incumbent on him to timely seek to

withdraw his plea of true in the trial court to preserve this complaint for appeal.  *Mendez*, 138

---

[4]*See Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d
262 (Tex. Crim. App. 1997).

[5]Utzman does not contend that the trial court did not properly admonish him in accordance with Article 26.13 of the
Texas Code of Criminal Procedure.  *See* TEX. CODE CRIM. PROC. ANN. art. 26.13 (Supp.).

S.W.3d at 350; *see* TEX. R. APP. P. 33.1(a)(1) (requiring an appellant to preserve a complaint for appellate review by a timely request, objection, or motion stating the specific grounds of the complaint and to obtain a ruling from the trial court). At the trial court, Utzman never sought to withdraw his plea of true to the felony escape conviction. Utzman has, therefore, not preserved this complaint for our review. *See Mendez*, 138 S.W.3d at 350.[6]

## III. Conclusion

Since Utzman has not preserved his complaint for our review, we affirm the trial court's judgment.

Scott E. Stevens
Justice

Date Submitted:     December 31, 2019
Date Decided:       January 10, 2020

Do Not Publish

---

[6]Even if Utzman's brief may be construed to complain also that his plea of true was involuntary, this complaint was also not preserved. "[C]hallenges to the voluntariness of a plea must be raised before the trial court to preserve the complaint for review on appeal." *Lively v. State*, 338 S.W.3d 140, 143 (Tex. App.—Texarkana 2011, no pet.) (citing *Sims v. State*, 326 S.W.3d 707, 713 (Tex. App.—Texarkana 2010, pet. struck) (citing *Mendez*, 138 S.W.3d at 339, 350)). Utzman never complained at trial that his plea of true was involuntary, and he did not file a motion for new trial that asserted this complaint. Thus, this complaint was not preserved for our review.