Robert Eugene GAINER, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–81–080–CR.

(2068cr).

Court of Appeals of Texas,
Corpus Christi.

May 27, 1982.

Lawrence A. Walsh, Brownsville, for appellant.

Reynaldo Cantu, Jr., Dist. Atty., Brownsville, for appellee.

## OPINION ON MOTION TO WITHDRAW MANDATE

PER CURIAM.

The appellant has filed with this Court a Motion to Withdraw Mandate and for an Extension of Time to File a Motion for Rehearing.

Appellant was convicted in the 197th District Court of Cameron County, Texas, of the offense of burglary, and was assessed punishment of eight (8) years confinement in the Texas Department of Corrections.

Appellant perfected an appeal and after submission of the cause this Court affirmed the conviction of appellant on January 28, 1982. Since no timely motion for rehearing was filed, the decision of this Court became final on March 30, 1982, sixty-one (61) days after the issuance. In accordance with Rule 209, Rules of Post Trial and Appellate Procedure in Criminal Cases, this Court issued its mandate on March 30, 1982.

Tex.Cr.App.R. 210 provides in pertinent part that the mandate of a Court of Appeals shall be stayed automatically where "a petition for discretionary review to the Court of Criminal Appeals has been filed with the Clerk of the Court of Appeals which delivered the decision within 30 days after the final ruling of the Court of Appeals." The final ruling of the Court of Appeals means the 16th day after delivery of the Court's opinion or order where a motion for rehearing is permitted under Rule 208 but is not filed or rehearing is not granted on the Court's own motion. Thus, the judgment of this Court became a final ruling on February 13, 1982. The petition for discretionary review should have been filed in this Court by March 15, 1982. Tex. Cr.App.R. 304(b). Instead, appellant erroneously filed the original and ten (10) copies of his Petition for Discretionary Review in the Court of Criminal Appeals on February 23, 1982. Since the appellant failed to file his Petition for Discretionary Review in this Court within the time permitted by the Rules, we issued our mandate.

The issue presented by appellant's motion is whether this Court should recall its mandate and consider appellant's motion for extension of time to file a motion for rehearing. There is no authority authorizing us to withdraw our mandate in a situation such as the one before us. Here the appellant has failed to follow the procedural rules applicable in criminal cases and has not presented a reasonable explanation for such failure. It is our opinion that the interest of justice and the orderly administration of criminal cases requires some finality to the appellate process. We hold that where our decision has become final and our mandate has issued as provided for in the Code of Criminal Procedure and the Texas Rules of Post Trial and Appellate Procedure in Criminal Cases, the mandate will not be withdrawn except under exceptional circumstances on application to this Court. No such circumstances are here presented.

Appellant has also filed a motion for extension of time to file a motion for rehearing based "upon those Sections of the Texas Code of Criminal Procedure and Civil Procedure which allow for the suspension of the Court's rules for good cause shown." Tex.Cr.App.R. 208(b) provides that any party desiring a rehearing must, within fifteen days after the decision is delivered, present to the Court a motion for rehearing. We will not suspend the Rules except for good cause shown. Appellant states no reason for his failure to file a timely motion for rehearing other than he failed to file his Petition for Discretionary Review with the proper court. Since neither the Court of Appeals nor the Court of Criminal Appeals has been given the statutory authority to grant such an extension, we refuse to subvert the Rules of Criminal Appellate Procedure by allowing the appellant to file an untimely motion for rehearing and thereby allow him to file a late Petition for Discretionary Review.

Appellant's motion to withdraw mandate and for extension of time to file motion for rehearing is DENIED.