Rudy GONZALES, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–92–01162–CR.

Court of Appeals of Texas, Dallas.

Nov. 23, 1993.

Bruce Anton, Dallas, for appellant.

Teresa Tolle, Dallas, for appellee.

Before KINKEADE, CHAPMAN and WHITTINGTON, JJ.

## OPINION

KINKEADE, Justice.

Rudy Gonzales appeals his conviction for conspiracy to deliver cocaine. The jury assessed punishment at fifty years' imprisonment and a $50,000 fine. In three points of error, Gonzales contends that (1) his guilty plea was involuntary because the State breached his plea bargain agreement, (2) he received ineffective assistance of counsel because no specific objection was made to the State's breach of his plea bargain agreement, and (3) he received ineffective assistance of counsel because his counsel constructed a plea bargain agreement from which he received no benefit. Because the State's breach of the plea bargain agreement with Gonzales made his guilty plea involuntary, we reverse and remand for a new punishment hearing.

## FACTUAL AND PROCEDURAL HISTORY

Rudy Gonzales, along with Dock Buckaloo, Juan Mora, and Fernando Longoria, was arrested and indicted for conspiracy to deliver cocaine. Initially, Gonzales entered a plea of not guilty. Trial commenced before a jury. After the defense rested, the State and Gonzales entered into a plea bargain agreement whereby Gonzales agreed to change his plea to guilty, and, in return, the State agreed not to call Dock Buckaloo as a witness against Gonzales. The record reflects the contents of the agreement as follows:

> [STATE]: Judge, just to be clear—I want the record to be clear. After the Defense having rested its case, I approached [defense counsel] and informed him that my rebuttal witness would be co-defendant, Mr. Doc [sic] Buckaloo. That I was going to call him, and the agreement, if you could call it an agreement, I would not call him if the Defendant decided to change his plea to guilty instead of not guilty. I just want that to be on the record so the record's clear as to the State's position and maybe as as [sic] to why the Defendant changed his plea.

The trial court admonished Gonzales as to the consequences of changing his plea, determined that his guilty plea was entered freely and voluntarily, approved the plea bargain agreement, and accepted his guilty plea in the jury's presence. The jury found Gonzales guilty. During trial after the court accepted Gonzales's guilty plea, Gonzales testified that he was a minor participant in the conspiracy to deliver cocaine. To rebut Gonzales's testimony, the State called Buckaloo. Buckaloo testified that Gonzales was a major participant in the conspiracy. The jury assessed punishment at fifty years' imprisonment and a $50,000 fine.

## VOLUNTARINESS OF GUILTY PLEA

In his first point of error, Gonzales contends that the State breached the plea bargain agreement after he pleaded guilty by calling Buckaloo to testify. He argues that the State's breach of the plea bargain agreement rendered his guilty plea involuntary. The State contends that Gonzales waived his complaint about the voluntariness of his guilty plea. The State also contends that it never agreed not to call Buckaloo at the punishment phase of trial.

### Waiver

The State argues that Gonzales failed to specifically object that calling Buckaloo at the punishment phase of trial violated the plea bargain agreement and that Gonzales, therefore, waived any complaint about the voluntariness of his guilty plea. The record, however, shows that Gonzales's counsel objected when the State called Buckaloo to testify. A general objection is sufficient to preserve error if it is clear from the record that the State, defense, and trial court knew the nature of appellant's objection. *See Roeder v. State*, 688 S.W.2d 856, 859 (Tex.Crim. App.1985); *see also* TEX.R.CRIM.EVID. 103(a)(1). Because the plea bargain agreement, wherein the State agreed not to call Buckaloo, had been accepted by the trial court prior to the State calling Buckaloo as a witness, the State breached the plea bargain agreement by calling Buckaloo. *See Ex parte Austin*, 746 S.W.2d 226, 227 (Tex.Crim. App.1988). Before allowing Buckaloo to testify, the court was obligated to first allow Gonzales to withdraw his plea. *See Ex parte Williams*, 637 S.W.2d 943, 947 (Tex.Crim. App.1982). Gonzales's general objection, under these facts, was sufficient to put the court on notice that the plea bargain was breached and, therefore, made the grounds of his objection apparent to the court. Gonzales, therefore, did not waive this complaint on appeal.

### Plea Bargain Agreement

"When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495,

498, 30 L.Ed.2d 427 (1971); *Bass v. State*, 576 S.W.2d 400, 401 (Tex.Crim.App. [Panel Op.] 1979). When a defendant enters a guilty plea pursuant to a plea bargain agreement, the State is bound to carry out its side of the plea bargain or the plea itself is involuntary. *Ex parte Austin*, 746 S.W.2d at 227; *Ex parte Slaughter*, 689 S.W.2d 464, 465 (Tex.Crim.App.1985). If the State is unable to do so, a defendant is entitled to withdraw his plea. *Ex parte Slaughter*, 689 S.W.2d at 465. The appropriate relief for failure to keep a plea bargain is either specific performance of the agreement or withdrawal of the plea. *Ex parte Austin*, 746 S.W.2d at 227.

█ In the instant case, the State promised not to call Buckaloo to testify if Gonzales agreed to change his plea from not guilty to guilty. Pursuant to this agreement, and in reliance upon it, Gonzales changed his plea from not guilty to guilty. The State received the benefit of having Gonzales plead guilty, and, in return, Gonzales was to receive the benefit of not having Buckaloo's testimony presented against him. Having received Gonzales's guilty plea, the State had an obligation not to call Buckaloo as a witness. The State, however, called Buckaloo to testify. The State argues it fulfilled its obligation because it only agreed not to call Buckaloo at the guilt-innocence phase of trial. The agreement, as dictated by the State, fails to limit the State's obligation in this manner. When a defendant changes his plea to guilty in the middle of a jury trial, the case is no longer bifurcated but becomes unitary. *See Ricondo v. State*, 634 S.W.2d 837, 841–42 (Tex.Crim.App.1982) (op. on reh'g). At that time, the court should instruct the jury to find the defendant guilty as part of the punishment charge. *See id; see also Basaldua v. State*, 481 S.W.2d 851 (Tex.Crim.App. 1972). Because the State called Buckaloo, it breached the plea bargain agreement. This breach rendered Gonzales's plea involuntary. *See Ex parte Austin*, 746 S.W.2d at 227.

█ Because Gonzales's plea was involuntary, we now determine whether the appropriate relief for Gonzales is either specific performance of the agreement or withdrawal of his guilty plea. Specific performance is appropriate unless it is impossible. *Heath v. State*, 817 S.W.2d 335, 337 (Tex.Crim.App. 1991); *Shannon v. State*, 708 S.W.2d 850, 852 (Tex.Crim.App.1986). Under the facts and circumstances of this case, specific performance is not impossible. We conclude, therefore, that specific performance is the appropriate remedy because Gonzales will receive the benefit of his bargain at a new punishment hearing in which Buckaloo will not be allowed to testify.

We sustain Gonzales's first point of error. Because of the disposition of Gonzales's first point of error, we need not address his second point of error. Because we previously concluded that the plea bargain agreement provided a benefit to Gonzales, we overrule his third point of error.

We reverse that portion of the trial court's judgment assessing punishment and remand the cause for a new punishment hearing in accordance with this opinion. In all other respects, we affirm the trial court's judgment.