Rudy GONZALES, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–94–00745–CR.

Court of Appeals of Texas, San Antonio.

July 5, 1995.

Discretionary Review Refused Oct. 25, 1995.

John Nation, Garland, for appellant.

Pamela Sullivan Berdanier, Asst. Dist. Atty., Dallas, for appellee.

Before CHAPA, C.J., and RICKHOFF and STONE, JJ.

CHAPA, Chief Justice.

In 1992, appellant Rudy Gonzales was convicted of conspiracy to deliver 400 grams or more of cocaine. During the trial, appellant offered to change his plea to guilty if the State agreed not to call its rebuttal witness, Doc Buckaloo. The plea was changed and the State violated the agreement by calling Buckaloo as a witness during the punishment phase of the trial. The case was appealed to the court of appeals.

The court of appeals found that the State had violated the agreement and that the appropriate relief would be specific performance of the agreement. *Gonzales v. State,* 868 S.W.2d 854, 857 (Tex.App.—Dallas 1993, no pet.). The appellate court remanded the punishment phase to the trial court with instructions to conduct a new punishment hearing only. *Id.* at 855. No motion for rehearing was filed and no further appeal was attempted. The judgment of the court of appeals became final and the mandate was issued. *Gainer v. State,* 636 S.W.2d 15, 16 (Tex.App.—Corpus Christi 1982, no pet.); *see Cuellar v. State,* 521 S.W.2d 277, 280 (Tex.Crim.App.1975) (cause is pending until mandate issues). Upon remand, a second jury assessed punishment at 60 years confinement and a $250,000.00 fine. It is this judgment that is the subject of this appeal.

The issues before this court are whether the trial court committed reversible error by (1) complying with the orders of the appellate court in conducting a hearing on only the punishment phase, and (2) not withdrawing the plea of guilty in the second trial on punishment when appellant allegedly raised the issue of his innocence.

■ When all the time provisions of Rule 86 of the rules of appellate procedure have expired without further appeal from a decision of the court of appeals, and a mandate has been issued without any motion to recall having been filed, the decision of the court of appeals is final and must be enforced. Tex. R.App.P. 86; Tex.R.App.P. 87; *see Gainer,* 636 S.W.2d at 16. "The legal principle or doctrine of 'the law of the case' in its most basic form provides that an appellate court's resolution of a question of law in the previous appeal of the same case will govern the dis-

position of the same issue should there be another appeal." *Ware v. State,* 736 S.W.2d 700, 701 (Tex.Crim.App.1987); *see Satterwhite v. State,* 858 S.W.2d 412, 430 (Tex. Crim.App.), *cert. denied,* —— U.S. ——, 114 S.Ct. 455, 126 L.Ed.2d 387 (1993).

■ Here, the court of appeals made a final determination that under these circumstances, the appropriate relief for Gonzales was specific performance of the agreement and that it only affected the punishment phase of the trial. *Gonzales,* 868 S.W.2d at 857. Thus, the court of appeals only "reverse[d] that portion of the trial court's judgment assessing punishment and remand[ed] the cause for a new punishment hearing in accordance with [its] opinion." *Id.* The appellant failed to appeal the decision of the court of appeals, and it became final. Tex. R.App.P. 86; *Gainer,* 636 S.W.2d at 16. Appellant is now improperly attempting to collaterally attack a final decision of the court of appeals by contending in this appeal of the second trial that the decision of the court of appeals to reverse only the punishment phase was erroneous and that the phase on the merits should have also been reversed. *See Ex parte Shields,* 550 S.W.2d 670, 675 (Tex.Crim.App.1977) (op. on reh'g). Moreover, appellant failed to preserve error in this respect not only by failing to object at the second trial, but by agreeing to the procedure used. *See Coe v. State,* 683 S.W.2d 431, 436 (Tex.Crim.App.1984).

Under these circumstances, the trial judge in the second trial had no choice but to follow the orders of the appellate court and hold a hearing only on the punishment phase of the trial. We fail to see how he committed reversible error by complying with the orders of the appellate court. The point is rejected.

■ Finally, appellant contends that the trial court committed reversible error by failing to sua sponte withdraw appellant's plea of guilty when appellant allegedly raised the issue of his innocence when testifying in the second trial. This contention is also without merit. The issue of appellant's guilt was finally determined by the unappealed decision of the court of appeals. Under the law of the case doctrine, this was not subject to relitigation. *Satterwhite,* 858 S.W.2d at 430; *Ware,* 736 S.W.2d at 701.

■ Moreover, even if the law of the case is ignored, the trial judge is only required to sua sponte withdraw a guilty plea when the issue of the innocence of the accused is reasonably and fairly raised. *Griffin v. State,* 703 S.W.2d 193, 196 (Tex.Crim.App.1986). "To this end a 'totality of the circumstances test' is employed." *Id.*

■ Here, the appellant never requested that his plea be withdrawn during the first or second trial. During the first trial appellant initially testified that he was just picking up his brother-in-law's car and had no knowledge of any drugs. After he changed his plea to guilty, he acknowledged that he was pleading guilty because he was guilty as charged and that he knew the cocaine was in the car. In the second punishment hearing, appellant stated he knew a drug deal was on, but not to what extent, and that he did see the money. He testified that he had been told earlier on the phone about a deal where money was to be made and later, at the scene, that the deal involved drugs. He also admitted on cross examination that he had changed his story under oath several times during the first trial, and that he had been stupid to be involved in the drug conspiracy. Considering the deference that must be given the trial court in questions of credibility, *Flanagan v. State,* 675 S.W.2d 734, 746 (Tex. Crim.App.1984), we do not find that the totality of the circumstances reasonably and fairly raised the issue of the appellant's innocence to the level of requiring the trial court to sua sponte withdraw appellant's plea, even if the issue of appellant's guilt was properly before him. *Griffin,* 703 S.W.2d at 196. The final point is denied.

The judgment is affirmed.