Johnny Ray ABBOTT, Appellant

v.

The STATE of Texas, Appellee.

No. 10–07–00295–CR.

Court of Appeals of Texas,
Waco.

Dec. 19, 2007.

Gary A. Udashen, Sorrels Udashen & Anton, Dallas, TX, for Appellant/Relator.

Joe F. Grubbs, Ellis County District Atty., Waxahachie, TX, for Appellee/Respondent.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## ORDER

PER CURIAM.

On December 12, 2007, we reversed the trial court's order denying Abbott's motion for time credit and remanded this cause to the trial court with the instructions to apply Abbott's prison time served as a credit toward the 180–day confinement as a condition of community supervision and, because that credit greatly exceeds 180 days, to immediately release Abbott from jail. *Abbott v. State,* 245 S.W.3d 19, 23 (Tex.App.—Waco, 2007, pet. filed).

---

Despite the instruction in our opinion and judgment to immediately release Abbott from jail, he was not released. On the morning of December 14, Abbott filed with us a "Motion to Issue Mandate Immediately" under the authority of Rule of Appellate Procedure 18.1(c). *See* Tex. R.App. P. 18.1(c) ("The mandate may be issued earlier if the parties so agree, or for good cause on the motion of a party."). We requested a response from the State to Abbott's motion by 5:00 p.m. In its response, the State asserted that it had not had adequate time to respond to Abbott's motion, that it was preparing a petition for discretionary review, and that it had a right under Rule 68.1 to file its petition before issuance of our mandate.[1]

Also on December 14, the State filed with the Court of Criminal Appeals a "Motion for Leave to File Motion to Stay the Premature Issuance of Mandate by the Tenth Court of Appeals" and a "Motion to Stay the Premature Issuance of Mandate by the Tenth Court of Appeals." [2]

In a December 14 letter order issued at approximately 5:10 p.m., we granted Abbott's Motion to Issue Mandate Immediately, as follows:

> The Court grants Appellant's "motion to issue mandate immediately." The State appears to assert that issuing the mandate will preclude its right to file a petition for discretionary review. We disagree. In our December 12, 2007 opinion and judgment, we instructed the trial court to immediately release Appellant from jail, and apparently the trial court has not done so. Accordingly, the Clerk shall issue the mandate forthwith.[3]

The Clerk of this Court also issued the mandate, and both it and the above letter order were prepared for delivery to the parties and the trial court. However, a deputy clerk of the Court of Criminal Appeals telephoned us around 5:15 p.m. to inform us that the Court of Criminal Appeals was considering the State's motion for stay and asked us to refrain from issuing our mandate. To comply with the spirit of that request, we did not transmit the order or the mandate, previously issued, to the trial court or the parties. Around 6:15 p.m., the Court of Criminal Appeals clerk telephoned again to tell us that the Court was granting the State's motion to stay. At 7:01 p.m. on December 14 (a Friday), we received by telefax the Court of Criminal Appeals' per curiam order, which states in whole:

> The State's Motion for Leave to File and Motion to Stay the Premature Issuance of the Mandate by the Tenth Court of Appeals are Granted. The Court of

---

1. The State asserted that issuing our mandate would preclude it from filing a petition for discretionary review. Because Rule 18.1(c) allows for the early issuance of the mandate, it is difficult to reconcile how early issuance could preclude a party from filing a petition for discretionary review.

2. Abbott received ten years' community supervision, but the trial court ordered him to serve 180 days in county jail as a condition of community supervision. In its motion to stay, the State asserted that issuance of the mandate would prevent it from filing a petition for discretionary review (without citing any authority) and that the State would suffer "irreparable harm by the release of Appellant

from jail" (without explaining the alleged irreparable harm). We note the obvious: if our decision is reversed on the State's petition for discretionary review, our mandate can be recalled and Abbott can be ordered to complete his 180-day incarceration. However, if our decision stands but Abbott has already erroneously served the 180 days (he has already served two-thirds of it), it is Abbott who will have been irreparably harmed. Also, whether Abbott is released from jail now or in two months, he will still be under community supervision.

3. Chief Justice Gray dissented to this ruling.

Appeals for the Tenth Judicial District is ordered to withhold issuance of the mandate pending further action by this Court.

*Abbott v. State*, No. PD–1816–07 (Tex. Crim.App. Dec. 14, 2007) (order) (per curiam).[4]

As a result of this order, we now withdraw our issued but undelivered December 14 letter order granting Abbott's motion and we recall our issued but undelivered December 14 mandate.

Dissent to Order by Chief Justice GRAY.

## DISSENT TO ORDER

TOM GRAY, Chief Justice, dissenting.

I am amused at the tone of the majority's order. It takes an approach of: We could not possibly be wrong in the earlier opinion and we said "immediately release Abbott from jail" and we meant it. I would remind the majority, not only of what I would characterize as a poor record for being correct, but that the system of justice approved by the citizens provides that the Court of Criminal Appeals ("CCA") has the right and the obligation to review what this Court does.

Also, I note that I did not join the super accelerated request for a response to the motion to issue the mandate nor the issuance thereof. But again, I note the tone of the majority as it is critical of the State's efforts to have the rules by which all litigants are expected to abide, used by the majority. The State is also being criticized for not providing better briefing or legal support. Given the arcane area of

the law in which we are dealing, and the exceedingly short deadlines in which the State was asked to respond, I thought they did a pretty good job.

One item of note in the factual recitation in the Order is that when the deputy clerk of the CCA called, the deputy clerk was not told that the mandate had already issued. Nor was I told that the deputy clerk from the CCA had called to advise us the CCA was considering the motion.

So, I ask the question, was the mandate issued, or was it not? The majority thinks it was. If they are correct, I question whether the majority's subsequent order setting bail at a mere $2,500 was valid (pretrial bail was set by the trial court at $200,000). Because the time they have allotted me to respond is about to expire, I will, however, be unable to fully research that question. Nor will I be able to answer the question of whether preparation but non-delivery is an actual issuance of a mandate. *See Gonzales v. State*, 904 S.W.2d 175, 176 (Tex.App.-San Antonio 1995, pet. ref'd) (when mandate has issued, decision of Court of Appeals is final and must be enforced); *Gainer v. State*, 636 S.W.2d 15, 16 (Tex.App.-Corpus Christi 1982, no pet.) (because petition for discretionary review was not filed in Court of Appeals, Court of Appeals' judgment was final and mandate was issued); *see also Cuellar v. State*, 521 S.W.2d 277, 280 (Tex. Crim.App.1975) (cause is pending until mandate issues). This is just more of a mess than I have time or inclination to try to sort out. I was, after all, trying to take some time off to enjoy the Christmas season when I ultimately yielded to the threat

---

4. Rule of Appellate Procedure 67.2 requires a signed order by a judge of the Court of Criminal Appeals to stay a court of appeals mandate. *See* Tex.R.App. P. 67.2 ("The order [staying the court of appeals' mandate] must be signed by a judge of the Court of Criminal Appeals."). It is debatable whether the order in this case to us to withhold issuance of the mandate comes precisely within the purview of Rule 67.2, but the effect of the per curiam order is the same.

to issue the order without stating my position, but yet showing me as participating, thus making it appear to the world as if I participated in it, thus making it a unanimous decision. It is not.

I do not think, based on what little research I have been able to complete, that the mandate was issued; therefore, there is nothing to recall. If it was issued, as the majority contends, what we must also acknowledge is that until it is recalled, we had no jurisdiction to do anything else in this proceeding, so the majority's order setting bail is void. With these comments, I dissent to the order purportedly recalling the mandate that I do not believe was ever issued.