**Affirmed and Opinion filed June 26, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00936-CR
## NO. 14-13-00937-CR

---

## HOKE HENRY EBERHARDT, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

### On Appeal from the 221st District Court
### Montgomery County, Texas[1]
### Trial Court Cause Nos. 12-05-05302-CR & 12-05-05302-CR Court 2

---

## O P I N I O N

These appeals are brought by appellant Hoke Henry Eberhardt from two convictions: aggravated assault against a public servant and aggravated robbery. Appellant entered a plea of guilty on both charges and a plea of true to the

---

[1] This case was transferred to this court from the Ninth Court of Appeals. In cases transferred by the Supreme Court of Texas from one court of appeals to another, the transferee court must decide the case in accord with the precedent of the transferor court if the transferee court's decision would have been inconsistent with the precedent of the transferor court. *See* Tex. R. App. P. 41.3.

enhancement allegation. The jury sentenced appellant to imprisonment for thirty years for the offense of aggravated assault and fifty years for the offense of aggravated robbery. The sentences were ordered to run concurrently.[2]

The record reflects appellant pleaded guilty to both offenses to the jury. In his sole issue, appellant complains there was never a finding of his guilt, either by the trial court or the jury.[3]

We agree with appellant that his plea of guilty to the jury made his trial a unitary proceeding. *State v. Aguilera*, 165 S.W.3d 695, 698 n.6 (Tex. Crim. App. 2005). Appellant claims that "[w]hen a trial becomes a unitary proceeding, the trial court must instruct the jury to find the defendant guilty as part of the punishment charge." The cases cited by appellant, however, do not support his claim.

*Gonzales v. State* states, "the court *should* instruct the jury to find the defendant guilty as part of the punishment charge." 868 S.W.2d 854, 857 (Tex. App.—Dallas 1993, no pet.) (emphasis added). The decision in *Gonzales* turned upon the State's breach of the plea bargain agreement, not whether the jury was instructed to find the defendant guilty. In *Ricondo v. State,* the court noted "unlike normal jury instructions in such situations, the jurors were not expressly instructed to find the appellant guilty." 634 S.W.2d 837, 840 (Tex. Crim. App. 1982). This was not the issue raised, however, and the court made no finding the failure to instruct the jury to find the defendant guilty was error or that any harm resulted and ultimately affirmed the judgment. In *Basaldua v. State,* the court noted that,

---

[2] Both sentences were ordered to run consecutively to appellant's sentence for his conviction in trial court cause number 1085818, imposed on March 7, 2008, for retaliation.

[3] The record reflects the judge heard the plea, admonished appellant, accepted the plea and found it to be voluntary. The judge did not say "I find you guilty" or specific words to that effect. The jury charges asked questions of punishment only.

2

though it was argued that the charge did not require the jury find the defendant guilty, the trial court used a standard form that instructed the jury to find the defendant guilty and assess his punishment. 481 S.W.2d 851, 855 (Tex. Crim. App. 1972).[4]

None of these cases support appellant's contention that it is error, much less reversible error, where no such instruction is given. To the contrary, it is well established that when a defendant has entered a guilty plea to a felony before the jury, there remains no issue of guilt for the factfinder to determine. *Holland v. State*, 761 S.W.2d 307, 313 (Tex. Crim. App. 1988). *See also In re State ex rel. Tharp*, 393 S.W.3d 751, 757 (Tex. Crim. App. 2012) (a plea of guilty to a jury eliminates guilt as an issue to be determined). A plea of guilty substitutes for a jury verdict of guilt and is itself a conviction. *Fuller v. State*, 253 S.W.3d 220, 227 (Tex. Crim. App. 2008). Like a jury's verdict, a plea of guilty is conclusive and nothing more is required but to give judgment and sentence. *Id.* "When a defendant pleads guilty to a jury, the jury need not return any verdict of guilty. The case simply proceeds with a unitary punishment hearing." *Id.* Because a finding of guilt was not required when appellant pleaded guilty to the jury, we overrule appellant's issue.

---

[4] In an unpublished opinion, the Dallas Court of Appeals found there was no error in the trial court's punishment verdict form stating in its first sentence. "We, the jury, having found the defendant guilty." *Graham v. State*, 05-05-00547-CR, 2006 WL 2106713 at *3 (Tex. App.—Dallas July 31, 2006, pet. ref'd) (mem. op., not designated for publication). Here, the charge on Count I stated in its first sentence, "[appellant], having been found guilty by the Court." The charge on Count II stated in its first sentence, "the Court having found him Guilty . . . ."

The judgments of the trial court are affirmed.


                                               /s/     Martha Hill Jamison
                                                        Justice


Panel consists of Justices Christopher, Jamison, and McCally.
Publish — Tex. R. App. P. 47.2(b).