# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00273-CV

**Daniel J. Caldwell, Appellant**

**v.**

**Jennifer Zimmerman, Appellee**

**FROM COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY
NO. 17-0078-CC4, HONORABLE JAMES E. MORGAN, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Daniel Caldwell—a litigant well known to this Court—appears before us again seeking relief with respect to two previously challenged trial-court orders rendered in a custody dispute.[1]  *See Caldwell v. Garfutt*, No. 03-14-00019-CV, 2016 WL 105920 (Tex. App.—Austin Jan. 7, 2016, pet. denied) (mem. op.) ("*Caldwell II*"); *Caldwell v. Garfutt*, No. 03-12-00696-CV, 2014 WL 1018089 (Tex. App.—Austin Mar. 12, 2014, no pet.) (mem. op.), 2014 WL 1576871 (Tex. App.—Austin Apr. 17, 2014, no pet.) (supplemental op. on reh'g) ("*Caldwell I*").  This time, he challenged the two orders by way of writ of habeas corpus and petition for bill of review, which the trial court denied.  Caldwell also characterizes this appeal as an "original proceeding" seeking mandamus and habeas relief from this Court.  For the following reasons, we affirm the trial court's

---

[1] Because the procedural and factual background is well known to the parties, and is summarized in our 2016 Memorandum Opinion, we do not recite it again here.  *See* Tex. R. App. P. 47.1.

judgment, deny mandamus and habeas relief, and determine that appellee Zimmerman is entitled to damages for Caldwell's frivolous appeal, conditioned on Zimmerman's filing with this Court within ten days of this opinion evidence of the damages she incurred in defending against Caldwell's appeal.

### *Caldwell's issues*

Caldwell raises fourteen issues and generally briefs them in the "argument" section of his appellate brief by repeating the two to three sentences per issue that he outlines in his "issues presented" section. However, as in his previous appeal, he generally fails to support his issues with substantive arguments or citations to the record or authorities. *See* Tex. R. App. P. 38.1(i) (requiring "argument for the contentions made, with appropriate citations to authorities and to the record"); *Caldwell II*, 2016 WL 105920, at *3. Accordingly, he has waived his issues. *Caldwell II*, 2016 WL 105920, at *3. Nonetheless, we once again will attempt to address his issues as best we can, *id.*, but also as briefly as practicable. *See* Tex. R. App. P. 47.1.

In his first six issues, Caldwell asks this Court to conclude that its own prior opinions and judgments in *Caldwell I* and *Caldwell II* are reversible error, reurging the same issues that he has previously raised in those prior appeals. Because they are impermissible collateral attacks on final judgments, we overrule Caldwell's first six issues. *See Browning v. Prostok*, 165 S.W.3d 336, 345–46 (Tex. 2005); *Gonzales v. State*, 904 S.W.2d 175, 176–77 (Tex. App.—San Antonio 1995, pet. ref'd); *see also* Tex. R. App. P. 51.1(b).

In his seventh issue, Caldwell challenges an interim "ruling" of the trial court determining that his petition for writ of habeas corpus "was premature and improper." Caldwell

2

appears to be complaining of the trial court's refusal to hear argument on his writ petition at a hearing on Caldwell's motion to recuse Judge McMaster. Caldwell does not cite any authority supporting his assertion that such interim "ruling" was reversible error, nor have we found any. Accordingly, we overrule his seventh issue.

In his eighth issue, Caldwell appears to challenge the failure of Judge McMaster to provide the reasons for his "voluntary" recusal from proceedings in this cause after first "refusing" to recuse himself pursuant to Caldwell's motion. Caldwell cites rule of civil procedure 18a(f)(2)(A) to support his contention that Judge McMaster was required to enter findings stating the reasons for his recusal. *See* Tex. R. Civ. P. 18a(f)(2)(A) ("If a motion [to recuse] is filed before evidence has been offered at trial, the respondent judge must take no further action in the case until the motion has been decided, except for good cause stated in writing or on the record."). Caldwell does not assert that Judge McMaster in fact took any further actions in the cause before recusing himself—thereby implicating rule 18a(f)(2)(A)—nor does he assert how he was harmed by the judge's failure to enter findings when the recusal was the very relief that Caldwell sought. Accordingly, we overrule Caldwell's eighth issue.

In his ninth issue, Caldwell contends that the trial court committed reversible error by "refusing to file findings and conclusions" with respect to its orders dismissing his motion to recuse Judge McMaster (as moot) and assigning this cause to a new judge. Again, he cites no authority for his contention that such findings and conclusions are required, nor does he allege how he was harmed by the court's failure to make such findings. Accordingly, we overrule Caldwell's ninth issue.

3

In his tenth issue, Caldwell contends that he was entitled to a writ of prohibition to prevent Judge McMaster from presiding at any future proceeding in this cause. However, Caldwell provides no citation to the record or to any authorities that support this contention, nor does he make any discernible or substantive argument for why he is entitled to such relief. He has, therefore, waived the issue. *See* Tex. R. App. P. 38.1(i). Even were we to address the issue, we would conclude that he is not entitled to his requested relief because he has not made the requisite showing. *See Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 683–84 (Tex. 1989) (noting that writ of prohibition is typically used to prohibit unlawful interference with or enforcement of superior court's orders or judgments and is extraordinary writ, available only for grievances that may not be addressed by other legal remedies). We overrule Caldwell's tenth issue.

In his eleventh issue, Caldwell complains that the trial court erred "by failing to consider [his] Petition for Writ of Habeas Corpus *ex parte*" and that such failure "improperly shift[ed] the burden of proof to [him]." As best we can understand his argument, Caldwell appears to be complaining that it was error for the trial court to hear argument from Zimmerman in response to his petition for writ of habeas corpus. Again, Caldwell fails to cite any authority to support his contention of error, and we, accordingly, overrule his eleventh issue.

In his twelfth issue, Caldwell contends that the trial court erred in granting Zimmerman's motion to dismiss his petition for bill of review. Specifically, he complains that he did not have the requisite notice under the rules of civil procedure and a meaningful opportunity to respond to the motion. *See* Tex. R. Civ. P. 91a.3 (requiring motion to dismiss to be filed 21 days

4

prior to hearing). Caldwell, however, did not preserve this complaint.[2] *See Odam v. Texans Credit Union*, No. 05-16-00077-CV, 2017 WL 3634274, at *4 (Tex. App.—Dallas Aug. 24, 2017, no pet.) (noting that party waives complaint regarding insufficient rule 91a notice if it (a) fails to bring complaint to court's attention during hearing or (b) fails to raise issue in motion for new trial if party received no notice of hearing); *cf. Gaskill v. VHS San Antonio Partners, LLC*, 456 S.W.3d 234, 239 (Tex. App.—San Antonio 2014, pet. denied) (noting that complaint of no notice of rule 91a hearing was preserved in motion for new trial).

Moreover, as Zimmerman asserted in her motion to dismiss, a bill of review may not be used as an additional remedy after one has made a timely, but unsuccessful, appeal. *Rizk v. Mayad*, 603 S.W.2d 773, 776 (Tex. 1980); *Wheeler v. Hinson*, No. 03-11-00067-CV, 2013 WL 363650, at *3 n.4 (Tex. App.—Austin Jan. 25, 2013, pet. denied) (mem. op.); *see also Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998) (outlining bill-of-review elements). This black-letter rule forecloses Caldwell's bill of review as a matter of law, and, therefore, even if there were a procedural defect with the notice that Caldwell was provided, any such error was harmless. *See* Tex. R. App. P. 44.1 ("No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of: (1) probably caused the rendition of an improper judgment; or (2) probably prevented the appellant from properly presenting

---

[2] While Caldwell did file a motion for new trial, he did not complain therein that he received no notice of the hearing on Zimmerman's motion; rather, he complained, without elaboration, that Zimmerman's motion was "untimely filed." *See* Tex. R. App. P. 33.1 (stating that to preserve error, record must show that complaint was made to trial court with sufficient specificity to make trial court aware of complaint); *Reliance Ins. Co. v. Denton Cent. Appraisal Dist.*, 999 S.W.2d 626, 630 n.1 (Tex. App.—Fort Worth 1999, no pet.) ("[T]o preserve error, the complaint on appeal must be the same as that presented in the trial court.").

the case to the court of appeals."); *Walker v. Owens*, 492 S.W.3d 787, 791 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (applying harmless-error rule to procedural error involving trial court's non-compliance with time periods in rule of civil procedure 91a). Accordingly, we overrule Caldwell's twelfth issue.

In his thirteenth issue, Caldwell (without citing authority) argues that the trial court erred in not setting hearings on his motion for reconsideration and motion for new trial. However, hearings on motions for new trial are not mandatory except when the motion alleges facts that, if true, would entitle the movant to a new trial. *See In re T.B.H.-H.*, 188 S.W.3d 312, 315 (Tex. App.—Waco 2006, no pet.). Caldwell's motion for new trial made no such allegations. We overrule his thirteenth issue.

In his fourteenth and final issue, Caldwell contends that the trial court erred in not granting his bill of exceptions by "correct[ing]" its findings of fact and conclusions "indicat[ing that] none of Caldwell's claims had any basis in fact []or law." Again, Caldwell wholly fails to cite to the record and authorities or provide any substantive argument to support this contention. Because we cannot discern the basis for his complaint or conduct a meaningful review, we conclude that he has waived his final issue.[3]

---

[3] Caldwell filed a supplemental brief in which he appears to raise three new issues not raised in his initial appellant's brief, under the heading: "Supplemental Record Issues Not Raisable in Ant's [sic] Brief." Caldwell does not explain why the issues were not "raisable" in his initial brief. In any event, we will not consider the new issues. *See Champion v. State*, 126 S.W.3d 686, 691–92 (Tex. App.—Amarillo 2004, no pet.) (declining to consider new issues raised in supplemental brief submitted after appellee's brief filed); *Bowles v. State*, No. 14-99-01396-CR, 2001 WL 1047026, at *1 n.2 (Tex. App.—Houston [14th Dist.] Sept. 13, 2001, pet. ref'd) (mem. op.) ("Although this court commonly permits briefs to be amended and supplemented with additional authorities and analysis, it rarely, if ever, addresses points of error raised for the first time in amended or supplemental briefs.").

***Caldwell's requests for extraordinary relief***

The style of Caldwell's appellate brief indicates that, in addition to being a direct appeal, this is an original appellate proceeding seeking extraordinary relief in the form of writs of habeas corpus and mandamus. Caldwell does not support these requests with argument or authorities beyond what has been discussed above. *See* Tex. R. App. P. 52.3(h) ("The petition must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record."). Accordingly, we deny his requests for extraordinary relief.

***Zimmerman's motion for damages for frivolous appeal***

Zimmerman filed a motion for damages with this Court, asserting that Caldwell's appeal is frivolous. *See* Tex. R. App. P. 45 ("If the court of appeals determines that an appeal is frivolous, it may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award each prevailing party just damages."). After considering the record, briefs, and other papers filed with this Court, we may award damages to a prevailing party if we objectively determine that an appeal is frivolous. *Id.*; *Owen v. Jim Allee Imports, Inc.*, 380 S.W.3d 276, 290 (Tex. App.—Dallas 2012, no pet.). An appeal is frivolous when the record, viewed from the perspective of the advocate, does not provide reasonable grounds for the advocate to believe that the case should be reversed. *Owen*, 380 S.W.3d at 290; *Mailhot v. Mailhot*, 124 S.W.3d 775, 778 (Tex. App.—Houston [1st Dist.] 2003, no pet.). The decision to grant appellate sanctions is a matter of discretion that an appellate court exercises with prudence and caution and only after careful deliberation. *Owen*, 380 S.W.3d at 290. Although imposing sanctions is within our discretion, we will do so only in circumstances that are truly egregious. *Id.*

7

We conclude that this appeal is frivolous and warrants sanctions. No objective advocate[4] could have had reasonable grounds to believe that Caldwell was entitled to the equitable and extraordinary relief he sought at the trial court and then, upon not prevailing, appealed to this Court. Nearly half of Caldwell's appellate complaints challenge this very Court's final judgments—judgments from which we can render no further relief. His remaining issues were either waived due to inadequate briefing and lack of supporting authority or were thinly veiled attempts to collaterally attack prior judgments by way of extraordinary writs and equitable proceedings that simply and objectively may not be employed in the circumstances here. He identifies no harm that he suffered from the alleged procedural errors at the trial court and raises them here as weak attempts to gain another bite at the proverbial apple, at Zimmerman's expense and for which we determine she is entitled to damages.

However, Zimmerman did not present any evidence of the damages she suffered as a result of the frivolous appeal. She states in her brief that she has incurred $9,854.50 in attorney's fees and expenses in connection with this matter, both at the trial court and in defense of this appeal and in preparing her rule 45 motion, but she did not attach any evidence to the motion or otherwise file evidence with this Court to support her requested amount of damages. Accordingly, we deny Zimmerman's request for damages for the frivolous appeal, but we grant her leave to file within ten days of this opinion a request for damages under rule 45 with evidence to support the amount of

---

[4] Although we construe pro se pleadings and briefs liberally, we nonetheless "hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure." *Gonzalez v. Magana*, No. 03-14-00387, 2015 WL 4997868, at *2 (Tex. App.—Austin Aug. 18, 2005, pet. denied) (mem. op.).

damages incurred. *See In re Estate of Ardyce Deuel-Nash*, No. 05-14-00128-CV, 2014 WL 5581044, at *5 (Tex. App. —Dallas Dec. 1, 2014, no pet.) (mem. op.) (acknowledging appellee's entitlement to damages for frivolous appeal, determining that he provided no evidence to support requested amount, and providing him leave to file request for damages with supporting evidence within ten days), No. 05-14-00128-CV, 2014 WL 6736919 (Tex. App.—Dallas Dec. 1, 2014) (supplemental op.); *cf. Glassman v. Goodfriend*, 522 S.W.3d 669, 674 (Tex. App.—Houston [14th Dist.] 2017, pet. filed) (permitting damages for frivolous appeal when supported by uncontroverted affidavit of appellate counsel).

We affirm the trial court's judgment.

_____

David Puryear, Justice

Before Justices Puryear, Field, and Bourland

Affirmed

Filed:   October 26, 2017