# NO. 12-17-00149-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WARREN ERNEST LEWIS,*<br>*APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Warren Ernest Lewis appeals his conviction for murder. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

## BACKGROUND

Appellant was charged by indictment with murder and entered a plea of "guilty." The court found Appellant "guilty" of murder and the case proceeded to a jury trial on punishment. At trial, Appellant argued that he committed the offense under the influence of sudden passion. The jury rejected Appellant's contention that he acted under the influence of sudden passion and assessed his punishment at life imprisonment and a $10,000 fine. The trial court sentenced Appellant in accordance with the jury's verdict. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with ***Anders v. California***. Appellant's counsel relates that he has reviewed the appellate record and found no error for our review. In compliance with ***High v. State***, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978),

counsel's brief contains a thorough professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[1]

We have considered counsel's brief and conducted our own independent review of the record. *Id.* at 811. We have found no reversible error.

## JUDGMENT MODIFICATION

In reviewing the record, we found two errors in the written judgment. We have the authority to correct a trial court's judgment to make the record speak the truth when we have the necessary data and information. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). In this case, the judgment states, "Verdict of Jury: GUILTY." However, the record reflects that Appellant pleaded "guilty" and the issue of guilt was not submitted for the jury's consideration.[2] Having the necessary data and information to correct the trial court's judgment to make the record speak the truth, we modify the trial court's judgment by deleting "Verdict of Jury: GUILTY."[3] *See Asberry*, 813 S.W.2d at 529.

Additionally, the judgment states "Fine: N/A," but the record reflects that Appellant was assessed a $10,000 fine as part of his sentence. Having the necessary data and information to correct the trial court's judgment to make the record speak the truth, we modify the judgment by deleting "Fine: N/A" and replacing it with "Fine: $10,000." *See id*.

---

[1] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such a brief has expired and no pro se brief has been filed.

[2] The record indicates that the trial court admonished and accepted Appellant's guilty plea in a separate hearing prior to the punishment trial. At the punishment trial, Appellant pleaded "guilty" to the indictment before the jury. A plea of "guilty" makes a trial a unitary proceeding. *Eberhardt v. State*, 437 S.W.3d 582, 583 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). When an Appellant enters a plea of "guilty" and proceeds to a jury trial on punishment, the trial court can instruct the jury to find the Appellant "guilty" of the offense and assess punishment. *See Id.* However, it is well established that when a defendant has entered a guilty plea to a felony before the jury, there remains no issue of guilt for the factfinder to determine. *Id.* A plea of guilty substitutes for a jury verdict of guilt and is itself a conviction. *Id.* Like a jury's verdict, a plea of guilty is conclusive and nothing more is required but to give judgment and sentence. *Id.* The jury need not return a verdict of guilty, and the case simply proceeds with a unitary punishment hearing. *Id.* at 583-84. Thus, while the judgment inaccurately reflects that the jury found the defendant "guilty," there is no error because Appellant entered a plea of "guilty."

[3] The judgment correctly reflects in a line above the quoted portion that Appellant pleaded "guilty."

2

<h1 style="text-align:center">CONCLUSION</h1>

As required by ***Anders*** and ***Stafford v. State***, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so, we agree with Appellant's counsel that the appeal is wholly frivolous. Accordingly, we grant counsel's motion for leave to withdraw. We ***modify*** the trial court's judgment by deleting "Verdict of Jury: GUILTY" and replacing "Fine: N/A" with "Fine: $10,000," and ***affirm*** the trial court's judgment as ***modified***.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n. 35. Should Appellant wish to seek review of these cases by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this court's judgment or the date the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See **In re Schulman***, 252 S.W.3d at 408 n. 22.

Opinion delivered May 31, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

MAY 31, 2018

NO. 12-17-00149-CR

**WARREN ERNEST LEWIS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 217th District Court

of Angelina County, Texas (Tr.Ct.No. 2016-0742)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that the judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be modified by deleting** "Verdict of Jury: GUILTY" and by **deleting "Fine N/A" and replacing it with "Fine: $10,000.00;" and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*